Matthew M. Levy, J.
This is a motion by the plaintiff for an examination of a defendant before trial. As such, its resolution would normally be quite devoid of complexities. But an issue of attorney-client relationship has been raised which takes this motion out of its usual routine. In the light of the vast and growing number of insurance and indemnity contracts, in which a new element has been added to the traditional professional concept, this issue was expected, sooner or later, to come to the fore. It has on this application, and it must now be resolved.
The common indemnity insurance policy provides in words or effect that, in case the assured is presented with or sued upon a claim, with respect to which he expects to be indemnified by the company which insured him, the company may have full charge of the defense and may choose the attorney to represent the assured in any suit against him. That occasions no problem when the amount of the insurance coverage exceeds the amount of the policyholder’s possible liability. But when the amount of the insurance is not likely to be enough to protect the defendant from personal liability in the event of a judgment against him, he is usually concerned about the outcome. And — sometimes on the advice of the insurance company, sometimes without it — the assured consults his ‘ ‘ personal attorney ’ ’. It not infrequently happens that the so-called personal attorney seeks to participate in the litigation in defense of his client. There is no formal substitution of attorneys by stipulation or order, but the original attorney continues to remain the attorney of record for the defendant, the insured.
*983 In such circumstances, what is the legal status, of the defendant’s personal attorney in the lawsuit against the defendant, instituted and prosecuted by the plaintiff, a third person who cares not at all who his adversary’s lawyer is, but who wants to proceed with expedition in the prosecution of his action? The answer must necessarily be simple and direct: None. Any other holding would play havoc with the established responsibility and stabilized plan of notification in respect of professional representation in civil procedure and in the processes of litigation (Rules Civ. Prac., rule 56; Lawbaugh v. Sweeney, 237 App. Div. 788, appeal dismissed 262 N. Y. 528; Matter of White, 52 App. Div. 225, appeal dismissed 170 N. Y. 575). Courtesy and perhaps economics may warrant co-operation between the two counsel for the defendant. But official standing is absent (cf. Cann v. Cann, 204 Misc. 1069). Whatever justification there may be for the defendant’s claim or apprehension that, in view of the insurance company’s limited coverage, his defense is being given or is likely to receive inadequate attention by the attorney selected for him by the company (cf. Krohe v. Goldman, 167 Misc. 930, 935), that is a matter that must be resolved as between the defendant and his insurer, and should not be permitted to harass, impede or delay the plaintiff in the presentation of his cause.
Accordingly, this motion by the plaintiff to direct the defendant Louis Gendelman Rigging & Trucking, Inc., to appear for examination before trial is granted. The attorney of record for the defendant was duly served by the plaintiff with the notice to examine and with the instant notice of motion. It was not necessary for the defendant’s personal attorney to be served as well, even though he had served a notice of appearance to the effect that he represented the defendant. There was no order or stipulation authorizing both the first and the second attorneys — each having a different office and post-office address — to be the attorneys of record for the defendant. The plaintiff was not required to submit to the burden of effectuating service upon both attorneys, and he was justified in rejecting the second notice of appearance.
The defendant is directed to appear and submit to examination, by officers, agents or employees having knowledge of the facts, at Special Term, Part II, of this court on November 30, 1959, at 10:00 a.m. Books, records and papers are then and there to be produced by the defendant in pursuance of the plaintiff’s notice dated August 5,1959.