Harold Tessler, J.
In an action to recover damages for personal injuries allegedly sustained by the plaintiffs due to the negligence of the defendant, the plaintiffs move to vacate and set aside the notice of appearance, answer and all papers served by the office of Emanual Morganbesser, Esq., or, in the alternative, to vacate and set aside the notice of appearance, answer and all papers served by the office of Michael Saunders, Esq.
It appears that the defendant had dual insurance coverage and that each of his insurance carriers has designated separate counsel to conduct his defense. Each of these counsel has served a notice of appearance and an answer to the complaint. The attorneys designated by the respective carriers contend that their interests are in direct conflict and, therefore, it is impossible for one counsel to appear for both carriers. Neither of these carriers, however, is a party to the action nor will the respective counsel appear for them in this action.
The primary interest of these attorneys in the instant case is to represent the defendant. Having once undertaken his defense, their allegiance is to him and they may not represent any other interest that may be adverse. The court recognizes that in most negligence cases counsel for the defendant is provided by an insurance carrier. Nevertheless, after such counsel is retained and appears for a defendant, he is obligated to represent that defendant. From that point on, the defendant is the client and not the insurance carrier even though the latter may have chosen the counsel and may be paying his fee.
The interests of the respective counsel for the defendant cannot be adverse, in the instant case. The question of which *141 carrier must pay whatever judgment might he rendered against the defendant may be resolved elsewhere. The issue to be decided in this action is the liability, if any, of the defendant and the damage he caused.
Moreover, there is no authority for a defendant to have more than one attorney of record. Such procedure would substantially affect the rights of the plaintiffs as well as create chaos in the courts. A defendant could serve inconsistent answers, make duplicate motions or even stipulations to which he might or might not be bound. In addition, the plaintiff would be required to serve duplicate papers. Subdivision (b) of rule 2103 of the Civil Practice Law and Rules provides that papers to be served on a party in a pending action “ shall be served upon his attorney ” (emphasis supplied). Clearly, a litigant is entitled to only one attorney of record in any one case at any one time. This does not mean that a litigant may not retain additional counsel to collaborate with or assist his attorney of record so long as he retains only one such attorney of record.
In the case at bar, Emanual Morganbesser, Esq., served the first notice of appearance on behalf of this defendant and accordingly he is the attorney of record. The attorney may be changed, pursuant to subdivision (b) of section 321 of the Civil Practice Law and Rules, but until such time as he is changed, he represents the defendant and service of papers upon him shall be service upon the defendant.
The alternative relief sought by the plaintiffs is granted and in all other respects the motion is denied.