James T. Hallinan, J.
This is a motion to require defendant to serve a bill of particulars and submit to an examination before trial. Defendant opposes on the ground that the attorney who makes this motion on behalf of plaintiffs is not plaintiffs’ attorney of record.
Plaintiffs commenced this action by their attorneys Levine & Berman and defendant served an answer containing counterclaims. On June 20, 1963, by stipulation between the attorney for defendant and Levine & Berman, plaintiffs’ time to reply was extended to July 17, 1963. A reply was served on July 16, 1963 by Nathaniel Bothstein “ appearing on the counterclaim *919 only in reply to defendant’s counterclaim”. On October 20, 1963, Nathaniel Bothstein served a demand for a bill of particulars and a notice of examination before trial which defendant returned as improper, not having been served by plaintiffs’ attorney of record. Levine & Berman have also served a notice of examination before trial, which examination has been postponed. On January 2,1964, Berman, Paley, Goldstein & Berman were substituted for Levine & Berman as attorneys for the plaintiffs.
In Jackson v. Trapier (42 Misc 2d 139) and Ratner v. Lehigh Val. R. R. Co. (26 Misc 2d 981) it was held that a litigant may have only one attorney of record. While these cases are distinguishable as they do not involve the appearance of an attorney on a counterclaim, their rationale applies here.
This is one action and the parties to the main claim and the counterclaims are identical. To allow the plaintiffs to be represented by different attorneys on the several parts of this action would substantially affect the rights of the defendant. Stipulations entered into with one attorney might not bind the other and defendant might have to submit to duplicate disclosure. Defendant also would have the burden of serving two copies of all papers on the plaintiffs contrary to the intent of the CPLB. (CPLB 2103, subd. [b].)
Further, an attorney of record in conducting litigation is authorized to do what may be necessary to advance his client’s interest (see Matter of Locke, 21 A D 2d 248, 252). Any difference of opinion between the attorneys for the plaintiffs as to the conduct of the case could result in defendant bearing the brunt of their disagreement, such as being compelled to respond to inconsistent motions or harassed by applications for the same relief sought at different times.
The proper conduct of litigation and the due administration of justice dictate that a party be represented by only one attorney of record in an action. Nathaniel Bothstein was never substituted as plaintiffs’ attorney of record in this action and therefore his appearance, service of a demand for a bill of particulars and notice of examination before trial, and service of the notice of this motion were improper. Accordingly, the motion is denied.