■ WILLIAM L. HAGNER, Respondent, v. PORT OF NEW YORK AUTHORITY, Appellant, et al., Defendants.— In an action to recover damages for assault, unlawful detention and malicious prosecution, the defendant Port Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, entered August 28, 1964, as: (1) treated a motion by the plaintiff with respect to a pending pretrial examination of said defendant by one of its employees (defendant Patrick Heslin) as a motion for discovery and inspection; and (2) directed that upon resumption of said examination the defendant Port Authority (and said employee) shall produce " all of their books, records and other memoranda relating " to the plaintiff's causes of action, and that plaintiff be permitted " to examine, inspect and copy the contents thereof." Order, insofar as appealed from, reversed on the law, without costs; and motion, insofar as it seeks a discovery and inspection, denied. The pending pretrial examination shall proceed (as provided in the third decretal paragraph of the order appealed from) on 10 days' written notice or upon such other date as the parties may mutually stipulate in writing. The original order for the pretrial examination, which was made pursuant

to section 296 of the former Civil Practice Act, directed the defendant Port Authority to produce upon such examination all relevant books and records in its possession. This direction did not entitle plaintiff to arbitrary or unlimited inspection of all the records produced. It entitled him only to the examination and use as exhibits of those records which are utilized by the witness to refresh his recollection or which are incident or relevant to his testimony. Such limited right of inspection need not be based on any particular foundation other than testimony of the witness showing a reasonable connection with the writings. Hence, the plaintiff's demand upon the pretrial examination for the production of the original report made by the said employee of the defendant Port Authority should have been honored; the demand was proper and is enforcible (*Bloom* v. *New York City Tr. Auth.*, 20 A D 2d 687; cf. *Finegold* v. *Lewis*, 22 A D 2d 447; *Kandel* v. *Tocher*, 22 A D 2d 513, 516). However, the defendant's refusal to produce such original report and to make it available for plaintiff's inspection should have prompted plaintiff to invoke the appropriate penalties provided by the CPLR, rather than to seek further elucidation of the pretrial procedure prescribed by the prior court order pursuant to which the examination was being conducted. Under the circumstances, it was error to treat the plaintiff's motion as one for discovery, especially since the discovery of a specific document was not being sought. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.