■ RIVA GARREL, Respondent, v RONALD T. GARREL, Appellant.—In an action for divorce, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated September 16, 1976, as denied the branches of his motion which sought to vacate the note of issue and statement of readiness, strike the case from the Trial Calendar and direct that the plaintiff submit to an examination before trial with respect to her financial affairs. Order reversed insofar as appealed from, without costs or disbursements, and the said branches of the motion are granted. In September, 1973 the plaintiff commenced an action for divorce, but in May, 1974 voluntarily discontinued that action without prejudice to renew. Thereafter, on April 6, 1976, the plaintiff commenced

this present action *de novo* upon the grounds of cruel and inhuman treatment. On July 20, 1976 plaintiff filed a statement of readiness and note of issue, notwithstanding the fact that the defendant had engaged substitute counsel a mere 10 days prior thereto, which fact counsel for the plaintiff was aware of. In response, defendant moved within the requisite 20-day period (see 22 NYCRR 675.3), *inter alia,* to vacate plaintiff's note of issue and statement of readiness and to strike the action from the Trial Calendar, as well as for a direction that the plaintiff submit to an examination before trial with respect to her financial affairs. Defendant asserted, in support of his motion, that in the interim period between the two actions the plaintiff had concealed substantial assets of $40,000, and had made material misrepresentations on the official form affidavit mandated by section 250 of the Domestic Relations Law. Moreover, the defendant submitted documentation of the concealment allegations via bank statements and stock transaction memoranda. Plaintiff, however, denied these allegations. Special Term, in denying the relief sought, stated: "The papers in support insufficiently demonstrate that such relief would be warranted. (22 NYCRR Sec. 675.7)." We disagree with Special Term. With the passage of section 250 of the Domestic Relations Law (which was effective on the date of the commencement of the instant action) the Legislature has evinced an intent that both parties to a matrimonial action, where alimony is in question, give full and fair disclosure of finances, not limited to the official form affidavit, but including any appropriate disclosure device of CPLR article 31. Indeed, the use of an examination before trial to supplement the official form affidavit provides a mechanism with which to guarantee the trustworthiness of the affidavit and to enforce its integrity (see *Hausman v Hausman,* 51 AD2d 796; *Slutsky v Slutsky,* 57 AD2d 793; *Billet v Billet,* 53 AD2d 564; *Ponard v Ponard,* 52 AD2d 564; see, also, 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.19, p 31-66). Accordingly, Special Term's refusal to direct an examination before trial constituted an improvident exercise of discretion in the face of a well-founded reason to believe the possibility of a concealment of assets by the plaintiff. Furthermore, Special Term's refusal to vacate the note of issue and statement of readiness and to strike the matter from the Trial Calendar also constituted an abuse of discretion. In the light of the short time which had elapsed between the commencement of the action *de novo,* the filing of the note of issue and statement of readiness, and the instant motion by defendant, the relief sought was justified. This is particularly true in view of the demonstrated necessity for the defendant to take the plaintiff's oral deposition (see *Tran v Denman,* 46 AD2d 669). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.