■    HARRIET R. SCHWARTZ, Respondent, v MILTON I. SCHWARTZ, Appellant.—In an action, *inter alia,* for divorce, the defendant husband appeals from an order of the Supreme Court, Nassau County, dated March 29, 1977, which denied his motion for a protective order vacating the plaintiff wife's notice of examination before trial. Order affirmed, without costs or disbursements. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. Section 250 of the Domestic Relations Law clearly states, *inter alia,* that there shall be compulsory financial disclosure in all matrimonial actions and proceedings commenced on or after September 1, 1975. This action was commenced in July, 1976. Both parties have a right to such disclosure where, as in this present action, alimony or support is in issue. "No showing of special circumstances shall be required before such disclosure is ordered" (Domestic Relations Law, § 250). The thrust of defendant-appellant's argument is that special circumstances must still be shown before such discovery may be ordered, section 250 of the Domestic Relations Law notwithstanding. Several cases are cited in support of this argument, but they are not controlling because they concern actions or proceedings commenced before September 1, 1975. It is

patent that plaintiff-respondent has a right to the discovery of defendant's financial status; the prior rule of requiring special circumstances to be shown is not applicable even when, as here, the party who resists discovery concedes that he is able to pay any reasonable award which the court may order (see *Margulies v Margulies,* 52 AD2d 567; *Ponard v Ponard,* 52 AD2d 564; *Rubin v Rubin,* 89 Misc 2d 245; *Grant v Grant,* 84 Misc 2d 577). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.