■ FRANCINE SCHIFFMAN, Appellant, v STEVEN SCHIFFMAN, Respondent.—Appeal by petitioner, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Queens County, dated December 14, 1977, as denied the branch of her motion which sought an examination before trial of the respondent as to his finances. Order reversed insofar as appealed from, without costs or disbursements, and the said branch of the motion is granted. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by petitioner, or at such time and place as the parties may agree. Section 250 of the Domestic Relations Law liberalizes the rule concerning examinations before trial, in matrimonial actions, as to the parties' "respective financial states", so that such examinations are to be granted as freely as in civil actions in general (see Allen v Crowell-Collier Pub. Co., 21 NY2d 403). This court has previously held that the intent of the statute was to provide such disclosure in addition to the filing of a "sworn statement of net worth * * * by each party, prior to trial" (Garrel v Garrel, 59 AD2d 885; Schwartz v Schwartz, 59 AD2d 904). On the constraint of those two cases, we reverse. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ SUFFOLK COUNTY BUILDERS ASSOCIATION, INC., et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants.—In an action, inter alia, to declare that any regulations promulgated by the defendants which set fees "for the inspection with respect to the approval of sanitary facilities" on individual plots are illegal, defendants appeal from a judgment of the Supreme Court, Suffolk County, entered March 31, 1978, which, after a nonjury trial, inter alia, declared the regulations setting the fees in question to be illegal, null and void. Judgment reversed, on the law, without costs or disbursements, judgment is granted in favor of defendants declaring the regulations setting the fees to be valid, and the complaint is otherwise dismissed. The Suffolk County Department of Health, having the power to regulate the sanitary aspects of water supply and sewage disposal, may impose fees in connection with permits issued pursuant to this power (cf. Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe, 49 AD2d 461). The plaintiffs have failed to prove that the license or permit fee exceeded the "sum reasonably necessary to cover the costs of issuance, inspection and enforcement" (p 465). Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ SUE SURATT, Respondent, v SAMUEL SURATT, Appellant.—In a matrimonial action, the defendant appeals from stated portions of a judgment of the Supreme Court, Kings County, entered April 22, 1977, on the ground that they differ from the property settlement to which the parties stipulated. Judgment modified, on the law, by deleting from the eleventh decretal paragraph thereof all language beginning with the words "in the event that said properties become income producing" and ending with the words "defendant is to do nothing to prevent any reasonable sale of said properties". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. To the extent indicated herein, the judgment does not reflect the terms of the stipulation as it was negotiated in open court. Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur.