■ CHEMPRENE, INC., Respondent, v X-TYAL INTERNATIONAL CORP., Appellant.—In an action to recover moneys due for the sale of goods, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County, dated April 16, 1980, as denied its motion for an order compelling plaintiff to select one attorney to represent its interests and to produce certain documents and articles in conjunction with an examination before trial. Order reversed insofar as appealed from, with one bill of $50 costs and disbursements, motion granted, and plaintiff is directed to supply the requested materials at the examination before trial insofar as such materials are not in defendant's possession or control and are material and necessary in the preparation for trial. There is no authority for a party to be represented by more than one attorney of record *(Polytemp, Inc. v Sell,* 59 AD2d 938, app dsmd 44 NY2d 849; *Matter of Kitsch v Riker Oil Co.,* 23 AD2d 502; *Barlas v Johnson Elec. Corp.,* 44 Misc 2d 918; *Jackson v Trapier,* 42 Misc 2d 139, affd 19 AD2d 799). Additionally, a notice to produce materials at an examination before trial pursuant to CPLR 3111 need not contain a specific identification of the materials sought. The required description is that which is reasonable under the circumstances *(Orange & Rockland Utilities v Town of Clarkstown,* 64 AD2d 919), provided such items are material and necessary in the preparation for trial. Mollen, P. J., Cohalan and Margett, JJ., concur.

Lazer, J., concurs in part and dissents in part, with the following memorandum: I dissent from the majority's determination insofar as it grants defendant's motion to compel the plaintiff to proceed in this lawsuit with a single attorney. While I do not believe that the cases cited by the majority stand for the binding and unremitting principle that a party to a lawsuit always is limited to a single attorney of record, if that indeed is their meaning and significance, I would conclude that the demands of a highly complex industrial and commercial society have outmoded the principle and that the instant circumstances demand its relaxation. To the facts, then. Chemprene, Inc., brought an action against X-Tyal International Corp., a military defense contractor, to recover the sum of $136,567.39 for fabric materials of various types which were either delivered to the defendant or manufactured for delivery to it. In its answer, X-Tyal not only denied the allegations of the complaint but counterclaimed in five separate causes of action to recover $1,466,369.07 in damages allegedly caused by defective merchandise produced by Chemprene and for $27,000 for money had and received. One of the claims was for damages of $1,051,026.16 growing out of material which allegedly continued to fail Federal temperature and air tightness standards despite many efforts by plaintiff to manufacture it. The counterclaim presented claims and issues unrelated to those posited in the complaint and it is undisputed that it could have been brought as a separate lawsuit. Since the plaintiff carried liability insurance to cover claims of the type raised in the counterclaim, its insurance carrier entered the action and appointed an attorney to represent the plaintiff in the defense against the counterclaim. Eight months after the carrier's lawyer appeared and in the midst of motion practice relative to disclosure in this highly complicated suit of serious dimension, the defendant moved for an order "Requiring plaintiff to select its attorney upon whom papers should be served, and who is authorized to serve papers, take testimony and otherwise conduct trials and other proceedings in this action". Special Term denied the motion

because "The matter involved here entails, in effect, two separate actions entitling plaintiff to be represented in each action by counsel of its choice." I agree. The principal case cited by the majority, *Polytemp, Inc. v Sell* (59 AD2d 938, app dsmd 44 NY2d 849), involved an action to recover a $1,620 balance allegedly due for the installation of a hot-air furnace, humidifier and attic fan and the counterclaim was for defective performance of the installation. *Matter of Kitsch v Riker Oil Co.* (23 AD2d 502) involved the fact that one lawyer had represented the plaintiff at nisi prius and another was handling the appeal without benefit of substitution. *Jackson v Trapier* (42 Misc 2d 139, affd 19 AD2d 799) involved an allegedly negligent defendant who had dual coverage; patently the same defense could not be conducted by two attorneys of record. *Barlas v Johnson Elec. Corp.* (44 Misc 2d 918) is not only without precedential value, but all it tells us is that separate lawyers appeared to prosecute the complaint and to defend against the counterclaim. The nature of the claims are not further described. I do not believe that this entirely unprepossessing body of law supports the theory that under all circumstances a party is limited to a single lawyer of record. The judicial discretion involved in the determination of defendant's motion derives from the inherent regulatory power of the courts over the manner in which litigating parties may proceed. The need for such regulation does not, in my view, require an unyielding rule that no matter how complex or multifaceted the issues and the interests involved or how the particular multiple representation was brought into being, no party may have more than one attorney of record. I assume that attorneys of record are not mere figureheads and that the designation by a client grants real decision-making authority both as to the general management of the lawsuit and the tactical decisions of the moment *(Matter of Locke,* 21 AD2d 248; *Matter of Callahan,* 106 Misc 202, affd 188 App Div 944; see 1 Carmody-Wait 2d, NY Prac, § 3:83). Since this case involves two separate lawsuits joined together by a pleading device which has created the equivalent of a joint trial of separate issues, the question is whether Special Term abused its discretion by declining to compel the plaintiff and its insurance carrier to compromise their rights to counsel of their choice. Under the particular circumstances, and bearing in mind that it was the defendant who made the decision to turn plaintiff's action against it into a forum for the disposition of an entirely separate claim, I do not think that Special Term erred.