■ MILDRED RUBIN, Respondent, v IRWIN S. RUBIN, Appellant. — In a divorce action, the defendant husband appeals from an order of the Supreme Court, Nassau County (Wager, J.), dated August 26, 1981, which granted plaintiff's motion for an order directing defendant to produce at his examination before trial certain corporate records of Trion Industries, Inc., of which defendant is a 50% shareholder. Order affirmed, with $50 costs and disbursements. Special Term correctly held that inasmuch as the defendant owns 50% of the stock of the subject corporation his interest in the corporation is clearly sufficient to warrant production of the records in question for examination by the plaintiff. In so holding Special Term did not overrule or modify a previous order by Justice Pantano which provided that "[i]n the event that defendant is a *minority* stockholder in *any* corporation the examination of the corporate finances shall be limited to the extent of payments actually made to defendant. (*Ingarra* v. *Ingarra,* 75 A.D.2d 576)." (Emphasis added.) At the time he rendered such decision, Justice Pantano made no determination as to the extent of defendants' interest in Trion Industries, Inc. He was merely stating that *if* defendant were a *minority* stockholder in *any* corporation, the examination of the corporate finances of such corporation would be limited to the extent of payments actually made to defendant. Such direction was in accordance with the rule laid down in *Ingarra v Ingarra* (75 AD2d 576). However, as the owner of 50% of the stock of Trion Industries, Inc., defendant is not a minority stockholder of such corporation. Hence, the holding of the *Ingarra* case is not applicable to the case at bar and Special Term correctly decided that plaintiff should not be restricted in her examination into the defendant's interest in Trion. That holding was particularly appropriate in this case by reason of the fact that the instant case is one which comes under the recent Equitable Distribution Law. In cases involving equitable distribution awards under part B of section 236 of the Domestic Relations Law, broad disclosure is necessary to proper preparation and an orderly trial. In such cases the parties must be granted a searching exploration of each other's assets and financial dealings, including their interests in business entities, at the time of and during the marriage. Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.