■ VINCENT P. WEISS et al., Appellants, v DAVID RAE et al., Respondents, et al., Defendants. — In an action, *inter alia,* pursuant to article 15 of the Real Property Actions and Proceedings Law to determine claims to an interest in real property, plaintiffs appeal from an order of the Supreme Court, Nassau County (Velsor, J.), dated March 25, 1981, which denied their motion for a protective order to strike from the respondents' notice to take plaintiffs' oral deposition, "the direction to produce all papers, documents, deeds, letters of administration [and] correspondence relevant to plaintiffs' cause of action". Order affirmed, without costs or disbursements. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by respondents, or at such other time and place as the parties may agree. A notice pursuant to CPLR 3111 to produce materials at an examination before trial need not contain the specificity of identity required for the discovery and inspection of material sought pursuant to CPLR 3120 (see *Chemprene, Inc. v X-Tyal Int. Corp.,* 78 AD2d 668, mod on other grounds 55 NY2d 900; *Orange & Rockland Utilities v Town of Clarkstown,* 64 AD2d 919). At such examination before trial of the plaintiffs, respondents shall be entitled only to the examination and use as exhibits of those records which are utilized by the witnesses to refresh their recollection or which are incident or relevant to their testimony (see *Hagner v Port of N. Y. Auth.,* 23 AD2d 879; *J. K. Sales v Coburn Corp. of Amer.,* 33 AD2d 514.) Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.

■ THOMAS WHITAKER et al., Respondents, v CENTRAL SUFFOLK HOSPITAL, Appellant. — In a medical malpractice action, defendant appeals from an order of the Supreme Court, Suffolk County (Jaspan, J.), dated July 23, 1981, which denied its motion for summary judgment dismissing the complaint for failure to comply with an order of preclusion, upon condition, *inter alia,* that plaintiffs' counsel personally pay $100 in costs. Order reversed, on the law, without costs or disbursements, and defendant's motion for summary judgment dismissing the complaint is granted. Plaintiffs served three bills of particulars, each one only after entry of a conditional order of preclusion, and each one failing to include information known to or ascertainable by plaintiffs' attorney. We find plaintiffs' counsel's course of conduct dilatory and inexcusable. Additionally, we note that plaintiffs failed to establish the legal merits of their claims by an affidavit containing a showing of evidentiary facts from a physician competent to attest to the meritorious nature of their causes of action (see *Harris v Brooklyn Hosp. at Brooklyn Cumberland Med. Center,* 81 AD2d 658). Accordingly, defendant's motion should have been granted (see *Barasch v Micucci,* 49 NY2d 594). Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.