■ STEPHEN STACKEL, Appellant, v JUDITH SCHNEIER, Formerly Known as JUDITH STACKEL, Respondent. — In a matrimonial action in which the defendant (former wife) moved for an upward modification in the amount payable monthly as child support, and in which the plaintiff (former husband) cross-moved for a downward modification, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated September 11, 1981, as declined to grant, in toto, his motion for a protective order vacating and setting aside the defendant's notice for discovery and inspection. Order modified by (1) striking the provisions directing that the "cost of copying" shall be borne by the plaintiff and that the ordered disclosure shall be by "the plaintiff's law firm", and (2) substituting therefor a provision directing that the required disclosure be made by the plaintiff. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Plaintiff's time to comply is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Although otherwise in agreement with Special Term (see, e.g., Raved v Raved, 71 AD2d 883), we believe that the court erred in directing its order against the plaintiff's law firm, a nonparty, in the absence of any application therefor and in the absence of due compliance with the notice provisions of CPLR 3120 (subd [b]). In addition, we perceive no basis on the present record for the imposition of copying costs upon the plaintiff (see, also, Domestic Relations Law, § 237, subd [b]). Gibbons, J. P., Gulotta, O'Connor and Boyers, JJ., concur.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of ROBERT ANDERSON, et al., Petitioners, v CITY OF WHITE PLAINS et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law, to review an order of the State Human Rights Appeal Board, dated September 28, 1981, which affirmed an order of the State Division of Human Rights, dated September 5, 1980, which, after a hearing, dismissed petitioners' complaints on the merits. Order confirmed and proceeding dismissed, without costs or disbursements. The determination of the State Division of Human Rights was based upon substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176). Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.