■ ALBERTA M. WILBUR, Respondent, v RALPH C. WILBUR, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered November 24, 1981 in Tompkins County, which denied defendant's motion for a protective order. In February, 1981, plaintiff Alberta Wilbur commenced a divorce action seeking, *inter alia,* equitable distribution of the marital property. When efforts to arrange informal discovery of the parties' finances failed, plaintiff, prior to conducting any deposition, served a demand for discovery and inspection of certain business and financial records relating to defendant personally, as well as to a corporation in which he is the sole shareholder. The requested documents are described with sufficient particularity to enable defendant to identify them. Defendant's motion for a protective order, vacating the entire demand, was properly denied by Special Term. Formerly, in addition to the statement of net worth required by section 250 of the Domestic Relations Law, the full array of disclosure devices in CPLR article 31 have been considered to be available in a matrimonial action to obtain financial information (*Schiffman v Schiffman,* 64 AD2d 651; *Perse v Perse,* 52 AD2d 60). Since section 250 has been incorporated into the equitable distribution statute as section 236 (part B, subd 4), the same result should obtain (see *Roussos v Roussos,* 106 Misc 2d 583; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 236B:6 [1981-1982 Supp], p 80). The assertion that harassment of defendant is the sole motivation for the discovery demand is unsupported and, therefore, rejected. Neither do we find merit in the contention that the documents being sought are unnecessary by virtue of plaintiff's former position as bookkeeper

in defendant's business. Although that experience may arm her with a better comprehension of defendant's financial standing, it cannot serve as a substitute for the records themselves. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.