■ HARRIET E. FOX, Respondent, v ROGER J. FOX, Appellant. — In a divorce action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (De Luca, J.), dated July 2, 1982, as granted plaintiff's cross motion to compel defendant (1) to produce at his examination before trial all items demanded in plaintiff's notice to take deposition upon oral examination, (2) to produce at said examination all corporate records of Master Craft Finishers, Inc., a closely held corporation whose only stockholders of record are defendant's parents, and (3) to testify at said examination in his capacity as president of said Master Craft Finishers, Inc. Order modified by (1) striking the provision directing defendant to produce all corporate records of Master Craft Finishers, Inc., and substituting therefor a provision granting that branch of plaintiff's cross motion which sought discovery of such corporate records to the extent of directing defendant to produce those records that are within his possession and control and which are (a) profit and loss statements and balance sheets of such corporation, (b) all agreements to which he is a party, (c) all loan, personal, expense, disbursement and receipt accounts with respect to defendant, (d) any records of membership in and contributions to any charity or any other organization, including private or professional clubs or associations, and (e) records of all credit card charges incurred by the defendant and paid for by said business, (2) limiting the scope of disclosure sought in item No. 1 of the rider to plaintiff's notice to take deposition upon oral examination to all canceled checks, bank statements, and checkbooks and stubs for all checking accounts in which defendant has or had any interest or power of signature except insofar as such power of signature is over the corporate accounts of Master Craft Finishers, Inc., (3) further limiting the scope of plaintiff's notice to take deposition upon oral examination, and the documents sought therein, to the period commencing with the date of the parties' marriage, and (4) deleting the provision ordering defendant to testify as president of Master Craft Finishers, Inc., and substituting therefor a provision denying that branch of plaintiff's cross motion which sought to compel defendant to testify in that capacity. As so modified, order affirmed insofar as appealed from, with costs to plaintiff. The examination of defendant shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. In furtherance of the goal of full and complete disclosure,

parties to a divorce action are entitled to broad pretrial examination of each other's income and financial circumstances in order to ascertain the existence of, and to assess the value of, business and other assets and to inquire into areas of marital and separate property (see *Lee v Lee,* 93 AD2d 221, 225; *Rubin v Rubin,* 87 AD2d 587; *Billet v Billet,* 53 AD2d 564). The scope of such financial disclosure prior to the enactment of the equitable distribution law included the full array of disclosure devices in CPLR article 31 (see *Schiffman v Schiffman,* 64 AD2d 651; *Garrel v Garrel,* 59 AD2d 885). More recently, the availability of those same disclosure devices has been upheld in actions governed by the equitable distribution law (see *Lee v Lee, supra; Wilbur v Wilbur,* 89 AD2d 686; *Weiss v Rae,* 87 AD2d 629; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, par 236B:6, 1982-1983 Cumulative Annual Pocket Part, p 121). In this regard, while a party's ownership of less than a majority interest in a corporation is not a total bar to discovery of corporate records, such discovery will be limited to those items "necessary to disclose the extent of payments actually made [to the party to the action]" (*Ingarra v Ingarra,* 75 AD2d 576; accord *Raved v Raved,* 71 AD2d 883; cf. *Rubin v Rubin,* 87 AD2d 587, *supra*). In the instant case, defendant denies that he has any connection with Master Craft Finishers, Inc., other than as an officer and employee of said corporation. The sole shareholders of record are defendant's father and mother who are also, respectively, the vice-president and secretary/treasurer of the corporation. Plaintiff disputes defendant's contention, stating that defendant's parents play no active role in the operation of the corporation and derive no benefit therefrom. She claims that defendant is running the business as a sole proprietorship and is receiving a substantial salary and expense allowance from the corporation. The problems inherent in obtaining full disclosure as to defendant's finances as a result of the fact that his income is derived from a closely held business in which his parents are the principals, justify allowing limited examination of the corporate finances (see Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, par 236A:13, 1982-1983 Cumulative Annual Pocket Part, p 100). In view of defendant's lack of cooperation at the initial deposition and his unwillingness to disclose his personal financial records, ordering disclosure of corporate records to the extent of payments actually made to defendant is appropriate under the broad disclosure provisions of section 236 (part B, subd 4) of the Domestic Relations Law. However, the order appealed from, by directing production of *all* corporate records, permits a far broader range of discovery than has heretofore been authorized except perhaps in the case of a majority stockholder of a corporation (see *Rubin v Rubin,* 87 AD2d 587, *supra*). A notice to produce materials at a deposition pursuant to CPLR 3111 need not provide the same specificity of identity that is required for a notice of discovery and inspection pursuant to CPLR 3120 (see *Lee v Lee,* 93 AD2d 221, *supra; Weiss v Rae,* 87 AD2d 629, *supra*). Nevertheless, under the circumstances present at bar, a full audit of the financial affairs of Master Craft Finishers, Inc., is not warranted. We have previously stated with reference to records of a business in which a party to a matrimonial action had a minority interest that "in addition to the profit and loss statements and balance sheets of said corporations, it is sufficient that disclosure be had of (1) all agreements to which defendant is a party, (2) all loan, personal, expense, disbursement and receipt accounts with respect to defendant, (3) any records of membership in and contributions to any charity or any other organizations, including private or professional clubs or associations, and (4) records of all credit card charges incurred by the defendant and paid for by said businesses" (*Raved v Raved,* 71 AD2d 883, 884, *supra*). We find these limitations to be equally applicable here. Therefore, to the extent that such business records are within defendant's individual custody and control,

he should produce them. There is no indication, however, in the record before us that the corporation itself, a nonparty, was ever served with a subpoena pursuant to the notice provisions of either CPLR 3106 (subd [b]) or CPLR 3120 (subd [b]). Accordingly, an order directing the corporation to appear for a deposition or to produce such financial records will not obtain (see *Stackel v Schneier,* 88 AD2d 594; cf. *Lee v Lee,* 93 AD2d 221, *supra*). We would also note that even if plaintiff had complied with the notice provisions of CPLR 3106 or 3120, the corporation generally has the option, in the first instance, of choosing whom it will assign to make disclosure (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101:19, pp 21-22). Thus, it was improper to direct defendant to testify in his capacity as president of the corporation. Furthermore, we recognize that the entire financial history of the marriage is open for examination by either party (see *Roussos v Roussos,* 106 Misc 2d 583). Recently, we indicated that in certain circumstances the scope of disclosure may, by necessity, extend beyond the period of the marriage (*Lee v Lee,* 93 AD2d 221, *supra*). Plaintiff herein has not demonstrated, however, that the instant case requires the application of that principle. Accordingly, disclosure must be limited to the period commencing July 28, 1973, the date of the parties' marriage. Finally, we disagree with defendant's contention that he is entitled to proceed first in conducting his deposition of plaintiff. Plaintiff established her priority by being first in serving her notice to take deposition upon oral examination (see CPLR 3106, subd [a]). While plaintiff may clearly not maintain her priority indefinitely by conducting protracted depositions (see *Allis-Chalmers Corp. v United States Steel Corp.,* 94 Misc 2d 865), she is entitled, in light of the delay caused by defendant's unwillingness to make full disclosure, to complete her examination of defendant prior to defendant's examination of her. Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.