■ BRUCE EARLY et al., Appellants, v COUNTY OF NASSAU et al., Respondents. — In an action to recover damages, *inter alia,* for malicious prosecution, plaintiffs appeal from an order of the Supreme Court, Nassau County (Kelly, J.), dated May 19, 1983, which granted defendants' motion for a protective order pursuant to CPLR 3103 against it. Order modified, by adding a provision that defendants' motion is granted to the extent that they are directed to produce the requested materials before Special Term for an *in camera* inspection in accordance herewith. As so modified, order affirmed, without costs or disbursements. Defendants shall produce said materials for *in camera* inspection within 30 days after service upon them of a copy of the order to be made hereon, with notice of entry. Plaintiffs allege malicious prosecution, abuse of process, intentional infliction of emotional distress and reckless and wanton conduct constituting negligent infliction of emotional distress stemming from defendants having instituted two paternity proceedings on behalf of a welfare recipient against plaintiff Bruce Early. Plaintiffs served all named defendants with a notice to take deposition upon oral examination and, pursuant to CPLR 3111, the notice required production, *inter alia,* of all records, handwritten notes, correspondence, and reports in the possession of defendants pertaining to the investigation upon which the paternity petitions were based. Special Term granted defendants' motion for a protective order on the grounds that the "notice seeking production * * * fails to designate specifically designated documents with reasonable particularity as required by CPLR 3120 (a) (1) (i)" and that the requested records are confidential and not subject to disclosure. Federal and State law require that social services records remain confidential (US Code, tit 42, § 602, subd [a], par [9]; Social Services Law, § 136, subd 2).

The purpose of this confidentiality is to "preserve the dignity and self-respect of a recipient of welfare and to assure the integrity and efficiency of the administration of the program. Suppression, however, should not exceed the purpose of the statute" (*Paine v Chick,* 50 AD2d 686, 687). Accordingly, this court has noted that "[d]isclosure of [such] records is restricted, but not prohibited" (*Addie W. v Charles U.,* 44 AD2d 727, 728). In *Addie W. v Charles U.* (*supra*), we held that a putative father in a paternity proceeding who asserts that social services records may contain information essential to his defense, may have access to such records after an *in camera* inspection in the Family Court. Under the circumstances of the instant case such an inspection is appropriate and plaintiffs should be provided with the requested information after an *in camera* inspection by Special Term. It is likely that defendants' records contain information relevant to plaintiffs' claim that is not otherwise obtainable. Moreover, the confidentiality of these records has already been compromised by the defendants' actions in attaching many of the requested documents to their earlier motion to dismiss plaintiffs' claim. In order to insure, however, that the privacy of the welfare recipient will not be unduly invaded and the integrity and efficiency of the program not unduly compromised, Special Term is directed to delete any information regarding income and/or benefits received by the recipient and allow plaintiffs the use only of information directly relevant to this lawsuit. With respect to plaintiffs' request pursuant to CPLR 3111, the description of the desired materials was as reasonable as could be expected under the circumstances (*Orange & Rockland Utilities v Town of Clarkstown,* 64 AD2d 919). It is well settled that a notice pursuant to CPLR 3111 to produce materials at an examination before trial need not contain the specificity required for the discovery and inspection of materials sought pursuant to CPLR 3120 (see *Weiss v Rae,* 87 AD2d 629; *Chemprene, Inc. v X-Tyal Int. Corp.,* 78 AD2d 668, mod on other grounds 55 NY2d 900). The specificity requirement of CPLR 3120 should not, therefore, have been applied to plaintiffs' notice to produce. Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.