■ NANCY AVERY, Respondent, v LYMAN AVERY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered April 21, 1983 in Fulton County, which, *inter alia,* granted plaintiff's motion to compel defendant to produce certain corporate records. ¶ This matrimonial action, in which plaintiff wife instituted divorce proceedings against defendant husband seeking, *inter alia,* equitable distribution, was before us on a prior occasion upon defendant's appeal from an order of Special Term which directed him to produce at the continuation of an examination before trial the stockbook and records of Avery Oil Company, Inc., a corporation operated by defendant's family of which defendant was both president and a salaried employee (*Avery v Avery,* 89 AD2d 633). On that occasion, this court modified Special Term's October, 1981 order by deleting that portion which directed defendant to produce the corporation's stockbook and substituted a directive for defendant to produce any stock certificates that he may have in the corporation. ¶ In November, 1982, at the continuation of the examination before trial of defendant, plaintiff requested to see corporate records supportive of certain loans, including an $18,000 interest-free loan, made by the corporation to defendant. When defendant refused to supply such records, plaintiff moved for an order compelling compliance with the October, 1981 order, as modified by this court. Special Term granted the motion, but added the directive that plaintiff be permitted to examine corporate records showing defendant's salary, loans or gifts made to him by the corporation and any evidence of trusts created by the corporation for defendant's benefit, as well as any records indicating any other financial benefit *"since the inception of said corporation"* (emphasis added). Since we did not address the issue of the time period to be covered by our prior order, we do so now. Unless there are certain circumstances, absent here, which necessitate that the scope of disclosure extend beyond the period of the marriage, disclosure is limited to the period commencing with the date of the parties' marriage (*Fox v Fox,* 96 AD2d 571, 573; *Lee v Lee,* 93 AD2d 221, 225). Since the parties herein were married on December 28, 1977 and no special circumstances are present to justify more extensive disclosure, we conclude that plaintiff should not be permitted access to corporate records as far back as 1971, the year of the corporation's inception (*Fox v Fox, supra; Lee v Lee, supra;* see, also, *Roussos v Roussos,* 106 Misc 2d 583, 584-585). ¶ Order modified, on the law and the facts, without costs, by deleting so much thereof as directs defendant to produce for inspection and examination all corporate records since its inception and substituting therefor a directive that defendant produce the records of the corporation showing the salary, loans advanced, gifts paid or otherwise made by the corporation to defendant since the date of the parties' marriage, and, in addition, such records of the corporation concerning any trust of which defendant may be a beneficiary and such other records as may disclose benefits distributed by the corporation to defendant since the date of the parties' marriage, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.