■ MARY L. GLASSER, Respondent, v PETER J. GLASSER, Appellant. — Order of the Supreme Court, New York County (Gabel, J.), entered December 8, 1983, which granted the motion of plaintiff wife to compel production of documents, is modified, on the law and facts and in the exercise of discretion, to order a further oral examination of defendant husband, at which time defendant shall produce said documents in aid of such deposition, and otherwise affirmed, without costs. ¶ In this matrimonial action the defendant husband was served with a notice to take deposition upon oral examination, together with an attached rider of documents required to be produced at such examination. No objection was made prior to the deposition but the documents were not produced at that time. Plaintiff moved to compel production of the documents and Special Term granted that motion. ¶ Production of the documents was initially sought by plaintiff pursuant to CPLR 3111. Production of these documents relating to the husband's assets and finances, and to a close corporation solely owned by him, was proper (see *Fox v Fox,* 96 AD2d 571; *Rubin v Rubin,* 87 AD2d 587). However, as the notice to produce was a part of the notice to take deposition, it requires defendant to produce the documents in conjunction with a deposition and for use upon such deposition (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3111:1, p 409) and we modify Special Term's order accordingly. Concur — Sullivan, J. P., Carro, Asch, Fein and Kassal, JJ.

■ In the Matter of SELENA B., a Person Alleged to be a Juvenile Delinquent, Appellant. — Order of the Family Court, New York County (Gartenstein, J.), entered August 26, 1983, adjudging appellant to be a juvenile delinquent and placing her on probation for two years, reversed, on the law, without costs, and the matter remanded for new fact-finding proceedings. ¶ The appellant was found to have knowingly possessed heroin in the third degree, an act which, if committed by an adult, would have constituted a crime under subdivision 1 of section 220.16 of the Penal Law. ¶ The laboratory report as to the drug was offered in evidence over objection to the effect that the conclusion stated therein was inadmissible hearsay inasmuch as no foundation was laid to show the nature of the tests and procedures and with no opportunity to cross-examine the person with knowledge of these matters. ¶ The Corporation Counsel concedes that the report was improperly admitted. (*Matter of Samuel A.,* 63 AD2d 585.) ¶ The only real issue on this appeal is the contention by the appellant that there should be a dismissal of the charge because a rehearing would subject the appellant to double jeopardy. (See *Burks v United States,* 437 US 1; *Greene v Massey,* 437 US 19.) However, we are reversing for trial error as distinguished from evidentiary insufficiency. This does not constitute a determination that the case has not been proven and, therefore, the double jeopardy prohibition does not apply. Concur — Kupferman, J. P., Sandler, Sullivan, Silverman and Fein, JJ.

## (June 14, 1984)

■ BANK OF NEW YORK, Respondent, v ANDREW CRISPO GALLERY, INC., et al., Appellants. — Appeal from an order, Supreme Court, New York County (Martin Stecher, J.), entered on February 24, 1984, and motion for a stay withdrawn. No opinion. Concur — Murphy, P. J., Sandler, Carro, Fein and Alexander, JJ.