■ Eugene Litman, Respondent, v Phyllis Litman, Appellant.—In a matrimonial action, the defendant wife appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Balletta, J.), dated September 12, 1984, as granted those branches of the plaintiff husband's motion for a protective order which were to prevent discovery of (1) client files opened after the date the summons in this action was served; and (2) books and ledgers of the plaintiff's law practice for the years prior to 1977.

Order modified, by deleting the provisions thereof granting that branch of the plaintiff's motion which was to prohibit discovery of client files opened after the date the summons was served and substituting therefor a provision denying that branch of the plaintiff's motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

When this matter was first before us on a prior appeal, we found that the plaintiff's law practice constituted marital property subject to equitable distribution and granted the defendant's application for fees to hire an expert to evaluate its value *(see, Litman v Litman,* 93 AD2d 695). The Court of Appeals affirmed *(Litman v Litman,* 61 NY2d 918) and the matter was returned to the trial court. The current question relates to the permissible extent of discovery into the value of that practice.

The plaintiff is a specialist in personal injury cases. In order to evaluate his practice, the defendant has retained as her expert an attorney with expertise in that field and has requested that he be given access to the plaintiff's case files, among other documents. According to the expert, any evaluation of the practice must include a review of those files, since its value depends upon the nature of the actions the attorney is handling. The expert therefore proposed to have a team of law students examine the files and report the salient facts by means of written reports, with his evaluation to be based upon those reports.

Without contesting the assumption underlying the expert's proposal, the plaintiff objected to such discovery and moved for a protective order to prevent it. He argued that permitting such disclosure would result in the release of information protected by the attorney-client privilege and would inevitably lead to conflicts of interest, since the expert also maintains a negligence practice in Nassau County. The plaintiff also claimed that a review of his pending cases would lead to a speculative evaluation at best, and that review of closed files was unnecessary since their value would already be reflected in the firm's books and ledgers. He further argued that discovery should be limited to the three years prior to commencement of this action and should not extend beyond that date.

Special Term accepted the expert's assertion that examination of the case files was necessary, but agreed with the plaintiff that the scope of such discovery should be confined. The court limited the evaluation to those files which had been opened prior to commencement of this action, reasoning that the value of the practice is to be determined as of that date, and precluded disclosure of closed files completely, on the assumption that their value has already been reflected on the firm's financial books. Discovery of such books, although permitted, was limited to a period of three years prior to the commencement of the action. Special Term also refused to consent to the expert's proposal to use law students to review the files, requiring instead that the initial survey be performed by a member or employee of the expert's law firm.

On this appeal, the defendant challenges the protective order only insofar as it limits disclosure to the three years prior to the commencement of the action and prohibits the examination of files opened thereafter. The only issue is the time frame within which Special Term has limited the defendant's right to disclosure.

With respect to the books and ledgers, the defendant has not demonstrated that a three-year period prior to the commencement of the action will be insufficient. We therefore decline to disturb Special Term's exercise of discretion in this regard. It was an abuse of that discretion, however, to prohibit the examination of case files opened after this action was commenced. We have consistently indorsed a policy of full financial disclosure in equitable distribution actions (see, Charpentier v Charpentier, 114 AD2d 923; Kaye v Kaye, 102 AD2d 682; Van Ess v Van Ess, 100 AD2d 848; Fox v Fox, 96 AD2d 571) and have held each party to be entitled to a "searching

exploration" of the other's assets and financial dealings *(see, Rubin v Rubin,* 87 AD2d 587), "both to determine value and to uncover hidden assets of marital property" *(Ganin v Ganin,* 114 AD2d 883). In furtherance of this policy, we held in *Lee v Lee* (93 AD2d 221) that disclosure with respect to the value of a law practice is not limited to the period prior to commencement of the matrimonial action. The value of pending contingent fee case files is likely not reflected in ledgers, and the defendant is entitled to have such files considered by the expert. This case presents an identical situation to *Lee v Lee (supra)* and we conclude that Special Term's order was unduly restrictive.

In reaching this conclusion, we are not unmindful of the fact that Special Term's reason for limiting disclosure as it did was its view that the plaintiff's practice is to be valued as of the date of commencement of this action. In *Lee v Lee* (93 AD2d 221, 226, *supra),* however, we recognized that under the statute, the commencement "marks the termination of the time within which marital property can be acquired", but we permitted discovery of matters arising after that date. Similarly, in *Van Ess v Van Ess* (100 AD2d 848, *supra),* we limited disclosure not strictly to the period of the marriage, but to that which was necessary to determine that value of the plaintiff's medical practice during the relevant period. Our holding in each of these cases was based not upon a determination of the proper valuation date, but upon the requirement of full financial disclosure in matrimonial actions and the recognition that in the case of an ongoing professional practice disclosure cannot be narrowly limited. Since our holding here is similarly premised, any determination of the troublesome matter of what is the proper date for valuing marital property would be pure dictum. Resolution of that problem must await a case where the issue is ripe for determination. We would merely note in this regard that the Legislature has recently amended Domestic Relations Law § 236 (B) (4), with respect to actions begun on or after September 1, 1986, to require that the court set a date between commencement of the action and the date of trial as the valuation date with respect to each asset (L 1986, ch 884, §§ 2, 5). Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.