OPINION OF THE COURT
David B. Saxe, J.
In this divorce action the defendant husband seeks to sub *99 stantially limit or remove certain discovery and trial issues by moving for (1) a protective order limiting disclosure of his net worth to a statement of his net worth through June 10, 1982 plus any sums received from subsequent sales of assets acquired prior to that date; and (2) for a ruling that all assets acquired by the defendant after June 10, 1982 constitute the defendant’s separate property, or for a ruling that, if such assets are marital property, the plaintiff is equitably entitled to no portion of it.
The parties were married on April 17, 1977, and separated in December 1981. However, no divorce action was commenced until July 1989, although they did retain attorneys in 1982, exchanged statements of net worth — the defendant’s dated June 10, 1982 — and divided some personal property and drafted separation agreements, none of which were executed. The defendant asserts that since the vast proportion of all his assets were acquired since the parties’ separation, this court should rule that those assets and their value shall be excluded from any distribution.
In opposition, the plaintiff wife points to the applicable statutes, which do not appear to support the relief the defendant seeks. Domestic Relations Law § 236 (B) (1) (c) defines "marital property” as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action”. It has been clearly held that the date the marital partnership breaks down is "irrelevant either for defining or valuing marital property” (Davis v Davis, 128 AD2d 470, 478 [1st Dept 1987]).
From the statute and the case law, I conclude that the trial court does not have the discretion to define as separate, property obtained by either spouse prior to commencement of the action or execution of a separation agreement, unless it qualifies as separate property under Domestic Relations Law § 236 (B) (1) (d). Nor does the case of Applebaum v Applebaum (142 AD2d 300 [1st Dept 1988]) convince me otherwise. There, the parties were married in 1961, and separated, though without executing a separation agreement, in 1980; the divorce action was commenced in 1982. The plaintiff wife then purchased the shares allocated to the marital apartment when the building underwent cooperative conversion in 1985. The First Department’s conclusion that the apartment should have been adjudged the separate property of the wife does not run counter to Domestic Relations Law § 236 (B) (1) (c), since the *100 wife acquired the shares after commencement of the action. None of the other cases relied upon by the defendant provide this court with the authority to rule that property acquired after the breakdown of the parties’ "economic partnership” constitutes separate property.
Of course, this does not mean that the plaintiif wife is necessarily entitled to equitable distribution of such assets. That decision is left to the trial court’s discretion, dependent upon the circumstances (see, Domestic Relations Law § 236 [B] [5] [c]). It would be premature for the court to decide now whether any distribution to the wife of particular assets is appropriate under the dictates of the Equitable Distribution Law (Domestic Relations Law § 236) and the circumstances of these parties.
Just as I cannot cut off the date for acquisition of marital assets at the date of the parties’ informal separation, I similarly cannot fix the date for valuation of marital assets as that separation date. Domestic Relations Law § 236 (B) (4) (b) states: "As soon as practicable after a matrimonial action has been commenced, the court shall set the date or dates the parties shall use for the valuation of each asset. The valuation date or dates may be anytime from the date of commencement of the action to the date of trial. ” (Emphasis added.) Although judicial flexibility may, as the defendant notes, be an important aspect of applying this statute, the statute is very clear as to the inside and outside dates in which such flexibility is to be exercised (see, Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C236B-.26, at 289; Litman v Litman, 123 AD2d 310, 312 [2d Dept 1986]). I find no authority for fixing a valuation date at the date of the defendant’s first statement of net worth, or indeed at any date prior to commencement of the action. Under these circumstances, the appropriate valuation date is the date the action was commenced.
In view of the foregoing conclusions, it is apparent that Domestic Relations Law § 236 (B) (4) (a) must be interpreted to require the parties’ statements of net worth to be current, and not limited to the information available at the time the parties first separated.
The motion is therefore denied.