■ MELISSA KRAMER, Appellant-Respondent, v GEORGE KRAMER, Respondent, and REMARK ELECTRIC CORP. et al., Respondents-Appellants. [642 NYS2d 949] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated July 14, 1995, as denied her motion, *inter alia,* for disclosure of certain financial records of nonparties Remark Electric Corp. and Peter Kramer, and nonparties Remark Electric Corp. and Peter Kramer cross-appeal from so much of the same order as denied their cross motion to limit the scope of disclosure.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Generally, there should be broad financial disclosure in matrimonial actions in which equitable distribution is sought to enable the parties to ascertain the nature and value of marital assets, as well as to uncover potential hidden assets *(see, Gape v Gape,* 125 AD2d 637, 638; *Kaye v Kaye,* 102 AD2d 682, 686; *Fox v Fox,* 96 AD2d 571, 572). The plaintiff, however, is not entitled to the extensive discovery she sought from the closely-held family corporation owned by the defendant's parents since she has not yet demonstrated that the defendant has an interest in the corporation *(see, Kaye v Kaye, supra; Fox v Fox, supra)*. However, the limited nonparty disclosure directed by the Referee, as confirmed by the Supreme Court, was warranted in this case to assist the plaintiff in ascertaining whether the defendant had an undisclosed ownership interest in the corporation *(see, Kaye v Kaye, supra; Fox v Fox, supra)*. Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.