OPINION OF THE COURT
William R. Geiler, J.
This is an application for an order and/or judgment pursuant to CPLR 3212 granting defendant partial summary judgment and it raises the issue of whether a spouse’s contributions as a parent and homemaker may be considered by the court in awarding said spouse a share in the appreciation in value of the other spouse’s separate property which appreciation has occurred since the inception of the marriage to the date of the commencement of the divorce action. The court answers the question in the affirmative.
It appears that the parties were divorced by judgment of this court dated March 2, 1982 (McInerney, J.), which judgment directed that all other issues, including equitable distribution of the parties’ marital property, be referred for a subsequent trial. Defendant in this four-year marriage is seeking an order directing that his medical practice is separate property and that any increase in the value of the claimed separate property subsequent to the date of his marriage to plaintiff herein is also separate property, and, as such, is not property subject to equitable distribution. Defendant claims that plaintiff never worked at defendant’s medical office and has done nothing to increase the value of his professional practice.
*1077 Section 236 (part B, subd 5, par b) of the Domestic Relations Law provides that “the court, in an action wherein all or part of the relief granted is divorce * * * shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment.” Section 236 (part B, subd 1, par c) defines “marital property” as “all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held, except as otherwise provided in agreement pursuant to subdivision three of this part”.' Among the items defined in the term “separate property” is the increase in value of separate property, “except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse” (Domestic Relations Law, § 236, part B, subd 1, par d, cl [3]; emphasis supplied). Section 236 (part B, subd 5) of the Domestic Relations Law goes on to list 10 factors that the court is mandated to consider in making an equitable distribution of the parties’ marital property (Nielsen v Nielsen, 91 AD2d 1016; see, also, Duffy v Duffy, 94 AD2d 711) and one of such factors is the direct and indirect contributions made to the acquisition of marital property by the party not having title, including contributions and services as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party. (Domestic Relations Law, § 236, part B, subd 5, par d, cl [6].)
Accordingly, based on a liberal reading of the above sections of part B of section 236 of the Domestic Relations Law the court holds that appreciation in separate assets from the inception of the marriage to the date of the commencement of a divorce action constitutes marital property to the extent that such appreciation is due to the contributions or efforts of the nontitled spouse and the contributions to the accumulation of such appreciation may be direct or indirect (Domestic Relations Law, § 236, part B, subd 5, par d, cl [6]; but see Jolis v Jolis, 111 Misc 2d 965).
The meaning of “indirect contribution”, however, is yet subject to definition. There are situations where the nonti *1078 tied spouse surely makes a contribution to the increase in value, as where he or she helps build up a business owned by the titled spouse, or manages the finances, trades securities or real estate or has made other significant direct contributions to enhance the value of the other’s separate property. But will the fact that one of the parties was a homemaker, parent and companion qualify as an “indirect” contribution as opposed to the more normally thought of “indirect” contributions such as preparing social events for the business, appearing with the titled spouse at business related social functions, etc. (See, generally, Foster, Commentary on Equitable Distribution, 26 NY L School L Rev 1, 9; DiLeo & Model, A Survey of the Law of Property Disposition upon Divorce in the Tristate Area, 56 St. John’s L Rev 219, 229, n 26.)
A recent development in Canada, where this issue has seen much play (Bregman v Bregman, 21 OR2d 722, app dsmd 25 OR2d 254; Fisher v Fisher, 21 OR2d 105; Nuti v Nuti, 28 OR2d 102; O’Reilly v O’Reilly, 23 OR2d 776; Silverstein v Silverstein, 20 OR2d 185; Weir v Weir, 23 OR2d 765; Matter of Young v Young, 32 OR2d 19), is most illuminating. The Supreme Court of Canada in construing certain sections of the Ontario Family Law Reform Act (Rev Stats of Ontario, 1980, ch 152, § 3, subd [b]; §§ 4, 8) held that a wife did not necessarily have to prove a “direct” contribution to the appreciation in a husband’s separately owned business in order to receive a share in the value of the appreciation of said business which occurred from the time of the inception of the marriage (Leatherdale v Leatherdale, 30 Rpts of Fam L 2d 225). Regrettably, the Canadian Supreme Court then withdrew and excluded home and child care as an indirect contribution. Canadian commentators and this court feel that a more liberal approach is necessary for a truly “equitable” distribution on divorce (see McLeod, Case Comment, 30 Rpts of Fam L 2d 251,253; see, also, 2 Foster-Freed, Law and the Family — New York, 1983 Cum Supp, § 33:4-B, p 841 et seq.).
The concept of equitable distribution borrows from the community property States the premise that when a couple marry, the parties enter into, inter alia, an economic partnership (see Governor’s Memorandum of Approval, L 1980, *1079 ch 281, McKinney’s Session Laws of NY, 1980, p 1863; Rothman v Rothman, 65 NJ 219, 229) and the wife accordingly should be rewarded for her labors in the home. (Note, New York’s Equitable Distribution Law: A Sweeping Reform, 47 Brooklyn L Rev 67, 71.) The concept of equitable distribution is a corollary of the principle that marriage is a joint enterprise whose vitality, success and endurance is dependent upon the conjunction of multiple components, only one of which is financial. The nonremunerated efforts of raising children, making a home, performing a myriad of personal services and providing physical and emotional support are, among other noneconomic ingredients of the marital relationship, at least as essential to its nature and maintenance as are the economic factors, and their worth is consequently entitled to substantial recognition. Thus, the extent to which each of the parties contributes to the marriage is not measurable only by the amount of money contributed to it during the period of its endurance but, rather, by the whole complex of financial and nonfinancial components contributed. The function of equitable distribution is to recognize that when a marriage ends, each of the spouses, based on the totality of the contributions made to it, has a stake in and right to a share of the marital assets accumulated while it endured, not because that share is needed, but because those assets represent the capital product of what was essentially a partnership entity (Gibbons v Gibbons, 174 NJ Super 107).
Accordingly, the court holds that summary judgment is denied. The issue of whether the defendant’s medical practice is property subject to equitable distribution is referred to the trial court for determination. The issues of spousal contributions to the husband’s separately titled business, their existence and their value shall be an element to be proved by plaintiff at the trial of this action.