OPINION OF THE COURT
John W. Grow, J.
This divorce proceeding involves the termination of a 32-year marriage. The issues include the valuation of the stock in a closely held corporation, whether the stock constitutes separate or marital property, and the equitable distribution of the marital property.
I. VALUATION OF PROPERTY:
The parties stipulated at trial that the fair market value of the cooperative apartment owned by Mr. Roffman was $305,000, as of the commencement of the action, and $350,000 at the time of trial.* They also stipulated that the *637 present cash value of Mr. Roffman’s interest in a profit sharing trust was $136,570.
With the exception of the sum of $13,000 inherited by Mrs. Roffman and Mr. Roffman’s stock in a closely held furniture business, there is no real dispute that all other assets of the parties constitute marital property accumulated during marriage pursuant to section 236 (part B, subd 1, par c) of the Domestic Relations Law.
One of the major disputes at trial concerned the value of Mr. Roffman’s interest in this closely held corporation, Edward Axel Roffman Associates, Inc. (hereinafter E.A.R., Inc.). Mr. Roffman started a furniture design business in 1949, three years prior to his marriage. The business was incorporated in 1955 and the company began manufacturing furniture in the early sixties. He owned all of the common shares (the only issue of stock) until 1973, when he gave 5% to a trusted and valued employee.
II. CORPORATE STOCK AS A MARITAL ASSET:
Section 236 (part B, subd 1, par d) of the Domestic Relations Law defines “separate property” to include “property acquired before marriage”. The issue before this court is whether Mr. Roffman’s E.A.R., Inc., stock is separate property and not subject to equitable distribution by virtue of the fact that the business existed, albeit on a much smaller scale, prior to the marriage of the parties. It is Mr. Roffman’s position that his present holdings represent merely an appreciation in value of the furniture business he began prior to marriage.
The Equitable Distribution Law recognizes the principle that marriage is a joint enterprise and that the efforts of a homemaker should be recognized: “The concept of equitable distribution is a corollary of the principle that marriage is a joint enterprise whose vitality, success and endurance is dependent upon the conjunction of multiple components, only one of which is financial. The nonremunerated efforts of raising children, making a home, performing a myriad of personal services and providing physical and emotional support are, among other noneconomic ingredients of the marital relationship, at least as essential to its nature and maintenance as are the economic factors, and their worth *638 is consequently entitled to substantial recognition.” (Wood v Wood, 119 Misc 2d 1076, 1079; see, also, Governor’s Memorandum of Approval, McKinney’s Session Laws of NY, 1980, p 1863.) The statute specifically provides that contributions and services of a “spouse, parent, wage earner and homemaker” shall be considered in the distribution of marital property (Domestic Relations Law, § 236, part B, subd 5, par d). On the other hand, property acquired prior to marriage is “not produced by partnership effort” and therefore not subject to distribution (2 Foster and Freed, Law and the Family [1983 Supp], p 814).
There is some dispute whether the contributions of a homemaker should be considered in the distribution of the increase in value of separate property. (Cf. Jolis v Jolis, 111 Misc 2d 965, 979; Wood v Wood, 119 Misc 2d 1076, supra; see, also, New York State Assembly Memorandum in Support of Equitable Distribution Bill, reprinted in 11C Zett-Kaufman-Kraut, NY Civ Prac, Appendix B, p B-3.) The resolution of this issue appears to depend upon whether the property appreciated in value due to outside economic influences or whether the increased value was due to the labor, management, skill, or enterprise of the owner. In a recent decision, Justice O’Connor of the Second Department utilized an “active-passive” analysis. Because marriage is viewed as a partnership, the increase in value due to “active” management would often not have been possible without the indirect contributions of the other spouse: “The inexorable conclusion to be drawn from these definitions is that partnership theory prevails in the distribution of the fruits produced through the efforts of either spouse during marriage, since any efforts not directly related to such production are deemed to have enabled the other spouse to engage in efforts that were so related. Whether these fruits are derived from efforts utilizing separate property or marital property is fundamentally irrelevant.” (Conner v Conner, 97 AD2d 88, 99; emphasis added.) This “active-passive” distinction is discussed further in a footnote to this portion of the Conner decision (p 99): “4. Under this analysis, appreciation in passive investments such as bank accounts (as in the case at bar) or securities remains separate property, but appreciation of a *639 business jointly managed by both spouses becomes marital property even though it is owned by one spouse who had managed it alone prior to their marriage. Without this active-passive management distinction, it would not be possible to characterize as marital property the appreciation of a business, owned and operated solely by one spouse before and during marriage, which happened to be the sole object of the owner-manager’s remunerative labors during marriage and the sole pecuniary support of their household (but see Jolis v Jolis, 111 Misc 2d 965, 979-980).
Therefore, the term “increase in value of separate property” does not apply to the growth and evolution of a business venture that was the primary economic foundation of a lengthy marriage. The evolution of such a business which was the financial basis of this “joint enterprise” cannot be equated with the passive appreciation in value of a bank account, work of art, or investment portfolio. To do so would effectively eliminate the concept of the “economic partnership” of marriage in certain marriages merely because an ultimately successful business venture was started by one party prior to marriage. Under the particular circumstances in this case, the court finds that Mr. Eoffman’s E.A.E., Inc., stock is not merely an “appreciation” in the value of the business he started prior to marriage so as to constitute his “separate property” but rather is property acquired “during the marriage”.

 [1] This action was commenced in August, 1981, and financial affidavits were executed as of August 31, 1981. The trial was not held until October, 1983. The court ordered and received updated financial affidavits immediately after the trial. Although the classification of marital versus separate property is to be fixed as of the date the action commenced (Domestic Relations Law, § 236, part B, subd 1, par c), the determination of the value of marital property should reflect the economic situation of the parties at the time of trial. For example, if certain marital stock holdings decrease in value after the commencement of a divorce proceeding, it would be unjustifiable to penalize the party holding title by treating the former value as an available resource. (Waste or dissipation of property would, of course, present a different situation.) For that reason, the court has used the most current available valuation for each item of marital property.