■ ARETT SALES CORP., Respondent, v. ISLAND GARDEN CENTER OF QUEENS, INC., Appellant, et al., Defendant. (Action No. 1.) ARETT AGENCIES, INC., Respondent, v. ISLAND GARDEN CENTER OF QUEENS, INC., et al., Appellants, et al., Defendant. (Action No. 2.) — In two separate actions, each brought by a different plaintiff, to recover balances allegedly due for goods sold and delivered and on accounts stated, in each of which actions there was interposed a defense and a counterclaim against the plaintiff therein and another person, Dave Boylan, who has been brought into each action as an "additional defendant", defendants appeal as follows from two orders of the Supreme Court, Westchester County, entered October 14, 1965: 1. Defendant in Action No. 1 appeals from the order which (a) denied its motion (i) to vacate plaintiff's notice of pretrial examination of one of said defendant's officers and (ii) to vacate or modify plaintiff's demand for a bill of particulars; (b) directed that said defendant's officer (Anthony R. Clinco) appear for examination at the office of plaintiff's attorney in New Rochelle, New York, and produce at such examination certain books, records, papers and documents; and (c) directed said defendant to serve a verified bill of particulars of its counterclaim in accordance with plaintiff's demand therefor. 2. Defendants in Action No. 2 appeal from the order which contains provisions identical with those in the order entered in Action No. 1, except that it is directed against the three defendants in Action No. 2 (who had made a motion similar to the one in Action No. 1) and it referred to Clinco as an officer of all said defendants. Orders modified as follows: (1) By amending the first and second decretal paragraphs of each order so as to grant the respective motions as to the examinations to the extent of (a) directing that the defendant or defendants shall produce at the pretrial examinations only those books, records, correspondence, etc., upon which it or they intend to rely at said examinations, with leave to the respective plaintiffs, if they be so advised, either during or after the examinations, to move for the production and discovery of any specific statements or reports; and (b) striking out the name of Anthony R. Clinco as the person through whom defendant or defendants are to be examined and directing that defendant or defendants be examined by such person or persons with knowledge of the events as defendant or defendants shall select in the first instance, with leave to the respective plaintiffs, however, upon a showing that such person or persons produced have inadequate knowledge and that a further examination is necessary, to move for the examination of any

specific person or persons having adequate knowledge; and such person or persons, if any, shall produce only those books, records, correspondence, etc., upon which defendant or defendants intend to rely at the examination; and (2) By further amending the first, and also amending the third, decretal paragraphs of each order so as to grant the respective motions as to the demands for bills of particulars to the extent of modifying the demands as follows: (a) by inserting the word "approximate" in items 1 and 4(c) of the demand in Action No. 1 and in items 1 and 4(d) of the demand in Action No. 2, so as to limit the words "date" and "dates"; and (b) by deleting item 8 in each demand in its entirety. Defendants are ordered to serve respective verified bills of particulars in compliance with the demands as so modified upon plaintiffs' attorney within 10 days after entry of the order hereon. As so modified, the orders are affirmed, without costs. As this court stated in *Lonigro* v. *Baltimore & Ohio R. R. Co.* (22 A D 2d 918): "the right of a corporate defendant to select, in the first instance, the person with knowledge of the accident by whom it will be examined, has not been changed by the enactment of CPLR (3101 *et seq.*)." Here, plaintiffs' notices for pretrial examination attempted to take this right away from defendant corporations by naming the officer to be examined. This should not have been permitted. In addition, the notices called for the production of "All books, records, correspondence, copies of correspondence, checks, notes, bills, invoices, memoranda and any and all other documents relating to transactions between" the parties. In our opinion, this array of documents exceeded the requirements for a pretrial examination and the bounds intended by the statute (CPLR 3111). CPLR 3111 is to be distinguished from CPLR 3120, which provides for a *general discovery* of all books and papers relating to the merits of the action (see *Rios* v. *Donovan*, 21 A D 2d 409; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.03). Plaintiffs' notices were tantamount to demands for general discovery. Orderly procedure dictates that the pretrial examinations be held and defendants produce any records, etc., necessary to aid in such an examination *before* any further attempt at discovery (*Lonigro* v. *Baltimore & Ohio R. R. Co., supra*). With respect to the demands for bills of particulars, it is our opinion that plaintiffs' requests (in each item 8) for an "itemized statement of the nature and amount of the damage" were improper. The damages sought by defendants in their counterclaims were *general* in nature, i.e., they were such as would be presumed to flow naturally from the injuries alleged. General damages need not be pleaded; more important, they need not be disclosed in response to a demand for a bill of particulars (*Wolff* v. *Hubert*, 200 App. Div. 124). We also feel that it would be more proper to ask defendants to supply the "approximate" date of any alleged oral representations or agreements (items 1, 4 [c]; 1, 4 [d]). This is more than sufficient for plaintiffs' purposes, especially since defendants will be required to set forth the "substance" of any such representations or agreements (see *Weisinger* v. *Berfond*, 7 A D 2d 1025). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.