■ In the Matter of MARIO MEROLA, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and ISRAEL RUBIN, Appellant.— Judgment unanimously affirmed, without costs and without disbursements. No opinion. Concur — Eager, J. P., Capozzoli, Tilzer, Nunez and Macken, JJ.

## (September 23, 1969)

■ SCM CORPORATION, Respondent, v. A. C. BUEHLER, SR., et al., Appellants.— Order entered December 20, 1968, directing the taking of depositions, affirmed, with $30 costs and disbursements to the respondent, on the ground that the second notice, dated June 11, 1968, served by appellants, was defective. A notice to depose a corporate party may not specify the individuals by whom the party is to be examined. (*Necchi S.p.A.* v. *Nelco Sewing Mach. Co.*, 23 A D 2d 543; *Schact Steel Constr.* v. *Brecher*, 2 A D 2d 967; *United States Overseas Airlines* v. *Cox*, 283 App. Div. 31.) Concur — Stevens, P. J., Tilzer, Markewich, Nunez and McNally, JJ.

■ HUDSON LEASING CORPORATION, Appellant, v. CHRISTIE F. VITOLO et al., Respondents.— Order entered on April 15, 1969, unanimously affirmed, with $30 costs and disbursements to respondents. The motion to dismiss as moot, made in open court, is denied as premature. Concur — Stevens, P. J., Tilzer, Markewich, Nunez and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGELO ACEVEDO, Appellant.— Order entered February 13, 1969, denying without a hearing *coram nobis* relief, reversed on the law and a hearing directed to determine the truth of the allegations of petitioner to the effect that he was improperly deprived of his right to appeal. (*People* v. *Callaway*, 24 N Y 2d 127.) Concur — Stevens, P. J., Tilzer, Markewich, Nunez and McNally, JJ.

## (September 25, 1969)

■ J. K. SALES, INC., Respondent, v. COBURN CORPORATION OF AMERICA, Appellant, and JACK KORNBLATT, Respondent.— Order, entered April 24, 1969, unanimously affirmed, without costs and disbursements. Under CPLR 3111, a notice of the taking of a deposition "may require the production of books, papers and other things in the possession, custody or control of the person to be examined to be marked as exhibits, and used on the examination." Although a specification of the books and papers to be produced may properly be set forth in the notice, such specification is not generally necessary. In many instances, a proper specification in advance of the taking of any testimony would be impossible or impracticable. Here, in view of the claims of the respondents as to their inability to produce certain of the specified books and records, and because there is a question as to the materiality or necessity for production of other specified books and records, we do not consider it advisable at this time to review and pass upon the propriety of the specifications as they are broadly worded in the particular notice. The witnesses produced by respondents should, however, produce for use on their examination such books and records as are available and as are necessary to enable the witnesses to properly depose on matters relevant and material in the prosecution of the action. Concur — Eager, J. P., Capozzoli, Tilzer, McGivern and Markewich, JJ.