■ ORANGE AND ROCKLAND UTILITIES, INC., Appellant, v TOWN OF CLARKSTOWN et al., Respondents.—In an action, *inter alia,* to declare that plaintiff may make certain street openings without obtaining a permit for a fee in excess of $10, plaintiff appeals from an order of the Supreme Court, Rockland County, entered August 12, 1977, which granted defendants' motion for a protective order. Order reversed, without costs or disbursements, motion denied, and defendants are directed to supply the requested materials at the examination before trial. A protective order shall be

granted where a party will be subjected to unreasonable expense or annoyance. Since there are no allegations to this effect, the protective order should not have been granted. In addition, a request pursuant to CPLR 3111 does not require that the materials be specifically identified. All that is required is a description which is as detailed as is reasonable to expect under the circumstances *(J. K. Sales v Coburn Corp. of Amer.,* 33 AD2d 514). Here, plaintiff has provided such a description of materials which are relevant and which are necessary for the deposition of the town officials. Moreover, the fact that the documents sought are available to plaintiff under the Freedom of Information Law is not a basis upon which to grant a protective order. The intent of that law is to supplement discovery and not to limit it (Public Officers Law, § 89, subd 5). Martuscello, J. P., Latham, Rabin and Hawkins, JJ., concur.