■ Susan Raved, Appellant-Respondent, v Roy Raved, Respondent-Appellant.—In an action for divorce, the parties cross-appeal from an order of the Supreme Court, Westchester County, dated February 14, 1979, which granted defendant's motion for a protective order to the extent of providing (a) that defendant need not disclose any of the records of certain enumerated businesses in which he had a minority interest, as sought in Item No.

15 of the rider to plaintiff's notice to take deposition, and (b) that the entire notice to take deposition and the documents sought therein shall be limited to the three-year period prior to the commencement of the action. Order modified by deleting therefrom the provision which granted defendant's motion for a protective order with respect to Item No. 15 of the rider to plaintiff's notice to take deposition and substituting therefor a provision granting defendant's motion for a protective order as to that item only to the extent that defendant need not disclose any of the records sought in subdivisions (c) through (k) thereof. As so modified, order affirmed, without costs or disbursements. Plaintiff is entitled to a prehearing examination of the defendant concerning his income and financial circumstances (see Domestic Relations Law, § 250). For the purposes of this action, an extensive audit of the financial affairs of the corporations in which defendant has an interest is not warranted (see *Billet v Billet,* 60 AD2d 816). In our opinion, in addition to the profit and loss statements and balance sheets of said corporations, it is sufficient that disclosure be had of (1) all agreements to which defendant is a party, (2) all loan, personal, expense, disbursement and receipt accounts with respect to defendant, (3) any records of membership in and contributions to any charity or any other organizations, including private or professional clubs or associations, and (4) records of all credit card charges incurred by the defendant and paid for by said businesses. Hopkins, J. P., Damiani, Lazer and Margett, JJ., concur.