OPINION OF THE COURT
Arthur W. Lonschein, J.
This motion raises questions as to the extent and timing of the disclosure of certain assets in a matrimonial action under the recent equitable distribution amendments to the Domestic Relations Law (L 1980, ch 281).
The plaintiff wife served the defendant husband with a notice to take deposition, which included a demand for production of documents pursuant to CPLR 3111. The husband objects to the demand and moves for a protective order, but has served an identical notice and demand on the wife on the theory that if she is entitled to the production of the documents demanded, he is also. The wife cross-moves to strike the husband’s answer on the grounds that he has failed to serve a statement of net worth and also to limit his demand for documents to the same extent that *584 the court limits hers. She vigorously supports the propriety of the demands, however. For the purposes of analysis the court will treat the demand as if it were made only by the wife, and the objections as if they were made only by the husband.
The demand covers 16 categories of documents, which fall into three groups: those involving personal financial records, those involving leases, deeds and contracts regarding both real and personal property, and those involving records of business entities in which the husband may have an interest. Many items of the demand require items over the past five years, and several others are unlimited as to time.
The husband resists the demand on several grounds, the first being that the entire demand is premature. He argues that the wife is entitled only to the statement of net worth (Domestic Relations Law, § 236, Part B, subd 4; Rules of App Div, 2d Dept, 22 NYCRR 699.12) as a preliminary to his examination, and that any other documents shown to be necessary at the examination session may be requested then and the examination resumed upon their production. This argument is without merit. The statement of net worth is compulsory in all contested actions, even when it is not demanded, and is the minimum disclosure which can be made. All other disclosure devices are available in addition to it. (Schiffman v Schiffman, 64 AD2d 651; Garrel v Garrel, 59 AD2d 885.) This includes a demand under CPLR 3111. To hold that the statement of net worth is all that need be produced as an adjunct to an examination before trial would be to frustrate the clear intent of the Domestic Relations Law, which compels disclosure of financial status, as well as of the CPLR.
The husband’s most serious objection rests on his conception of the nature of the disclosure required, which is that only that need be disclosed which would give a picture of his current financial condition, in order to establish his ability to pay alimony and child support. This is a fundamental error. In the court’s view, both parties are now entitled to a searching exploration of each other’s assets and dealings .at the time of and during the marriage, so as *585 to delineate the extent of “marital property”, distinguish it from “separate property”, uncover hidden assets of “marital property”, discover possible waste of “marital property”, and in general gain any information which may bear on the issue of equitable distribution, as well as maintainance and child support. The entire financial history of the marriage must be open for inspection by both parties. It is simply no longer true that the current financial status of the parties is all that counts.
This broad view follows of necessity from the broad powers to affect “marital property” given to the courts by the new statute, and from the detailed nature of the findings which the court is required to make in determining the rights of the parties to equitable distribution of “marital property”, maintenance, and child support. If the court is to be able to consider these mandatory factors, the parties must be prepared to present evidence on them, and the time to make such preparations is during disclosure.
The husband further takes the position that assets held jointly with third persons, or consisting of an interest in some form of business entity, are nondisclosable. This, in the court’s view, is also incorrect and inconsistent with the necessities of disclosure under the new law. The definition of “marital property” specifically excludes consideration of the form in which title is held as a factor in distinguishing “marital” from “separate property”. (Domestic Relations Law, § 236, Part B, subd 1, par c.) Similarly, in making an equitable distribution of “marital property” the court is enjoined to consider a spouse’s interest in a business entity (Domestic Relations Law, § 236, Part B, subd 5, par d, cl [9]), and is permitted to make a distributive award in lieu of directly transferring or liquidating such an interest (Domestic Relations Law, § 236, Part B, subd 5, par e). Clearly, the parties must be entitled to appropriate disclosure in order to ascertain the existence and assess the value to the other party of such jointly held or business assets. Indeed, a party’s interest in business entities was discoverable under old law (Billet v Billet, 53 AD2d 564; Raved v Raved, 71 AD2d 883), if only for the purpose of establishing ability to pay alimony or child support.
*586 The court takes this position in the face of a peculiarity in the legislative enactment which might permit a contrary inference. The Legislature has repealed the old section 250 of the Domestic Relations Law (L 1980, ch 281, § 18) and has transferred it almost, but not quite, verbatim into the new section 236 (Part A, subd 2; Part B, subd 4) of the Domestic Relations Law. The old statute permitted financial disclosure in those Supreme Court matrimonial actions and proceedings “in which alimony or support is in issue”. The new law has conformed to the new terminology by adding “maintainence” to this list of issues, but omits to include “equitable distribution of marital property”. If this is a mere oversight, it is a notable one, for the draftsmen appear to have taken pains everywhere else to insure uniformity of terminology and consistency of intent. In a hypothetical case in which there might be considerable “marital property” subject to equitable distribution, but no application for maintainence or child support, it might be argued that the law would not require financial disclosure at all. In a more typical case, such as the one at bar, the inference might be that only those matters relating to the parties’ current need for and ability to pay maintainence and child support are disclosable.
Clearly, however, the scope of disclosure cannot be circumscribed in this narrow fashion. While nothing in the new statute negates the long-standing proscription of inquiry into the substantive grounds for the divorce or separation (see Billet v Billet, supra), it is patent that comprehensive and detailed disclosure as to all financial issues must be allowed, if the new law is to fulfill its purpose.
This general analysis completed, the court now proceeds to the issue of the specificity of the demand, or rather, the nonspecificity, since the demand merely sets forth certain categories of items and requires production of “all” documents fitting the description of each category. Requests for production of documents for use at a deposition need not specifically identify the materials sought. Great specificity is frequently not possible at this early stage. If the description is reasonably detailed, under the circumstances of the case, it is sufficient. (Orange & Rockland Utilities v Town of Clarkstown, 64 AD2d 919; J. K. Sales v Coburn *587 Corp. of Amer., 33 AD2d 514.) The leeway allowed under this section does not, however, permit CPLR 3111 to be used as a substitute for a properly specific demand for discovery and inspection under CPLR 3120. Only so much material may be demanded under CPLR 3111 as is in fact for use at. the deposition. If a subpoena duces tecum amounts to a demand for general discovery of documents, it will be stricken. (Arett Sales Corp. v Island Garden Center, 25 AD2d 546.)
When this analysis is applied to the specific demand in this case, the following conclusions emerge. First, since the wife is entitled to disclosure of the entire financial history of the marriage, the husband’s attempt to limit discovery to the past three years must fail. Section 236 (Part B, subd 4) of the Domestic Relations Law only limits the mandatory statement of net worth to that period. The financial disclosure itself must be allowed to range far beyond it, if the purposes of the statute are to be fulfilled. Second, the wife is entitled to disclosure of all assets of the husband, regardless of whether these are held jointly with third persons or as a shareholder or employee of a corporation, and therefore a demand for documents which will facilitate inquiry into assets held or derived in such manner is permissible. The husband is correct, however, in contending that the records of those entities which the demand requires for production are unduly burdensome at this point. It appears that the wife, in framing the demand, relied in part upon the case of Raved v Raved (71 AD2d 883, supra), which permitted a demand for certain business records, including records of certain fringe benefits accruing to the husband from corporations in which he had an interest. Item Nos. 11 and 12 of the demand are clearly based upon Raved v Raved (supra), and are upheld except insofar as Item No. 12 requires tax returns of the business entities. Item Nos. 10 and 16 of the demand also appear to be based upon Raved and make little sense unless it is concluded that they refer to payments and benefits made by the businesses on behalf of the husband. To the extent that such payments and benefits are so derived, the items should be produced.
*588 There remain the questions of whether the descriptions of the items required are framed as specifically as reasonably possible in the circumstance of the case (Orange & Rockland Utilities v Town of Clarkstown, 64 AD2d 919, supra) and whether the items are in fact for use on the deposition or are intended for general discovery. (Arett Sales Corp. v Island Garden Center, 25 AD2d 546, supra.) In the court’s opinion, Item Nos. 1, 2, 3, 4, 7, 9 and 13, are both sufficiently specific and sufficiently related to direct use on the deposition. While these require “all” of the items fitting each description, the court feels that the husband, as an individual, will not be unduly burdened by the demand and he does not, in fact, object to them on this ground. Item Nos. 5, 8, 14 and 15, by contrast, are far too broad, and the husband cannot reasonably be expected to comply. Item No. 6, and Item No. 5 to the extent that they request matter other than the actual tax returns, request material which seems not to be useful at a deposition. Item Nos. 10, 11, 12 and 16 have previously been discussed.
The requested protective orders are granted to the extent that Item Nos. 5, 6, 8, 14 and 15 of the respective demands are stricken, and Item Nos. 10 and 16 are restricted to contributions, memberships and payments provided on behalf of the party by business entities in which they had an interest or by which they were employed. Item No. 12 is modified by deleting therefrom the demand for tax returns. The wife’s cross motion to strike the answer will be granted unless the husband serves a statement of net worth within 20 days of the service upon him of the order herein.