■ WALTER REGINALD LTD., Respondent, v PORT BROKERS, INC., Appellant, et al., Defendant. (And a Third-Party Action.)—Order, Supreme Court, New York County, entered September 25, 1979, and judgment entered thereon October 19, 1979, reversed, on the law, and plaintiff-respondent's motion for summary judgment denied, with costs and disbursements. Plaintiff-respondent seller of animal skins has sued defendant-appellant customs broker for having violated plaintiff's instruction indorsed on the shipping documents not to deliver to plaintiff's customer, Highlander, until the latter had accepted drafts upon it in payment for the merchandise. By the time plaintiff's bank had presented the original drafts for payment, the customer had gone bankrupt. Defendant-appellant argues that, being the consignee's broker, and not that of plaintiff consignor, it took it for granted that it was the business of the shipper's bank to present the original drafts and, nothing to the contrary having appeared, that the bank had done so. Owing no duty whatever, either by contract or in law, to plaintiff shipper, defendant committed no breach of duty which is apparent in these papers. Plaintiff's motion for summary judgment should, accordingly, not have been granted. Concur—Ross, J. P., Markewich, Silverman, Bloom and Carro, JJ.

■ GEORGE W. MILLER, Appellant, v VILLAGE VOICE, INC., et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered May 12, 1980, modified, on the law, to strike Item No. 5 in defendants-respondents' demand for a bill of particulars, and otherwise affirmed, without costs. The suit is for damage to plaintiff resulting from an allegedly defamatory article which appeared in two of defendant corporation's publications. The items other than that which we strike relate to matters as to which plaintiff, a public official, bears the burden of proof in order to establish the prime ingredient of malice. Without the answers to these demands it will be almost impossible to know whether a case has been made out, the complaint being stated largely in generalities. Item No. 5 relates to the *ad damnum* clause, also stated in general terms as loss of plaintiff's legislative committee chairmanship and injury to plaintiff's reputation. The demand is for particularization of this rather general allegation, unnecessary because no special damage is alleged. The demand should be stricken. (See *Arett Sales Corp. v Island Garden Center of Queens,* 25 AD2d 546, 547.) Concur—Sullivan, J. P., Ross, Markewich and Lupiano, JJ.