opinion of the court
Ralph A. Beisner, J.
This motion follows a grant of divorce to the parties by Justice Delaney, dated January 13, 1984. In granting the defendant husband’s cross motion for reverse summary judgment, the court specifically stayed entry of judgment of divorce, and indicated a hearing was necessary to resolve the issues of equitable distribution. In so doing, Justice Delaney ordered that the plaintiff file a hearing note of issue and perform the tasks incumbent therewith. The plaintiff did not file the note of issue, but rather a certificate of readiness and note of issue were filed by the defendant, ostensibly complying with part 675 of the Appellate Division, Second Department Rules (22 NYCRR), along with a request for a trial preference under section 249 of the Domestic Relations Law.
The issue for the court appears to be a determination of whether or not by granting a judgment of divorce, staying entry thereof, and ordering a hearing, Justice Delaney impliedly indicated that all discovery proceedings were *814 terminated. The upshot of such a determination, if answered in the affirmative, would be resolution by hearing of the equitable distribution of property, without the benefit of depositions, interrogatories, or discovery and inspection. The court believes that this was not the conclusion intended by Justice Delaney, nor would it effectuate the intention of the Legislature toward liberal pretrial discovery to give rise to meaningful settlement negotiations and elimination of surprise trial tactics.
The moving papers of the defendant show a pervasiveness toward a quick resolve of the matter. Such is most often the case when the yet-novel tool of reverse summary judgment is applied. (CPLR 3212, subd [a], indicates that any party may move for summary judgment in any action, after issue has been joined.) If advantageously applied, the effect of early summary judgment could then completely eliminate the discovery process by seeking judgment prior to any discovery proceedings. Although early resolution of the divorce action is desirable (particularly in light of the increasing deemphasis of fault, Blickstein v Blickstein, 99 AD2d 287), the issues of equitable distribution are still largely embryonic in this jurisdiction, and frequently require a detailed analysis in even the simplest of marital estates.
Additionally, a thorough examination of all relevant factors contained under section 236 of the Domestic Relations Law is required by the court prior to judgment. The court believes that facilitation of this requirement is best accomplished by thoroughly prepared attorneys and liberal pretrial discovery. (Roussos v Roussos, 106 Misc 2d 583.)
Moreover, the party seeking equitable distribution (generally the party with the least amount of assets and/or income) has the burden of valuing the marital assets, propounded as subject to distribution. This court believes that to eliminate pretrial discovery would significantly inhibit such a task.
Somewhat analogous to the within case is Aron v Aron (NYLJ, Sept. 3, 1982, p 7, col 1) wherein a New York County Supreme Court held that resolution of certain matters by way of stipulation between the parties did not bar discovery.
*815 In view of the foregoing it is the opinion of this court that resolution of the divorce action, with stay of entry thereof, and the directive to file a note of issue does not bar discovery. Authority consistent with the foregoing is to be found in sections 675.7 and 675.6 of the Rules of the Appellate Division, Second Department (22 NYCRR), which permit discovery proceedings following a statement of readiness and note of issue.
Of course the exigencies of each case dictate the path to follow and this court is not unmindful of certain situations which would call for the dispensation of pretrial discovery. The defendant urges that his is such a situation. He supports this contention in a two-fold manner. First, he propounds that the marital property is subject to simple valuation and distribution. This may prove to be the case. But, the court declines to eliminate pretrial discovery as to the items of marital property. Secondly, he urges by way of his own affidavit and his psychiatrist’s affidavit that his psychiatric situation calls for a quick resolution of this matter. Although the defendant appears to be in need of psychiatric care as evidenced by the unfortunate set of circumstances giving rise to the divorce proceeding, the defendant’s affidavit as well as the conclusory affidavit of the psychiatrist do not submit convincing facts to compel this court to dispense with pretrial discovery. The defendant appears to be capable of handling his worldly affairs, in spite of his problems, as he is maintaining his employment and his obligations. Although Justice Delaney’s pendente lite awards and the defendant’s Penal Law problems have occasioned certain unpleasantries for him, it does not appear to this court that the possibility of haphazardly applied justice in the distribution of martial property is a chance worthy of invitation.
As such, the court denies the application for a preference. However, I see no reason to strike the matter from the calendar. By authority of section 675.7, the court orders oral deposition of both parties at an agreeable location and if none, at a Special Term of Dutchess County Supreme Court to be held at the Dutchess County Courthouse on the 9th day of July, 1984, at 9:30 a.m. (See Colella v Colella, 99 AD2d 794.) The order of examination shall be *816 defendant, followed by the plaintiff. Since the matter is already on the Trial Calendar, no adjournments will be granted.