■ RALPH H. BILLINGTON, Respondent, v JUDITH L. BILLINGTON, Appellant. — In a matrimonial action, the defendant wife appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered June 11, 1984, which denied her motion, pursuant to Domestic Relations Law § 237, *inter alia,* for an award of reasonable accountant's fees and appraisal fees, pendente lite, and to strike the action from the Trial Calendar.

Order modified by deleting the provision denying that branch of defendant's motion which was for an award of an accountant's fee, and substituting therefor a provision granting that branch of the motion to the extent of directing plaintiff to pay the sum of $1,000 to defendant's counsel to be used for said accountant's fee. As so modified, order affirmed, without costs or disbursements. Plaintiff's time to pay the $1,000 is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. All pretrial proceedings in this case are to be expeditiously concluded within 40 days after payment of the $1,000.

Both parties in a matrimonial action governed by the Equitable Distribution Law (Domestic Relations Law § 236 [B]) are now entitled to " 'a searching exploration of each other's assets and dealings at the time of and during the marriage, so as to delineate the extent of "marital property", distinguish it from "separate property", uncover hidden assets of "marital property" * * * and in general gain any information which may bear on the

issue of equitable distribution, as well as maintenance' " (*Ahern v Ahern,* 94 AD2d 53, 56, quoting from *Roussos v Roussos,* 106 Misc 2d 583, 584-585).

Based on the circumstances of this case and the financial status of the respective parties, a pendente lite award of a reasonable sum was warranted to enable defendant to retain an accountant's services for the purpose of evaluating plaintiff's net worth and defendant's claim to an equitable distribution of the value of plaintiff's medical practice based on her alleged contributions and services to that practice as a nurse, book-keeper and spouse, during the period from the inception of the marriage to the date of the commencement of this divorce action (*see, Van Ess v Van Ess,* 100 AD2d 848; *Wood v Wood,* 119 Misc 2d 1076; *see also, Ahern v Ahern, supra; Litman v Litman,* 93 AD2d 695, *affd* 61 NY2d 918 *for reasons stated in opn at App Div*). Accordingly, that branch of defendant's application which was for an award of accountant's fees, pendente lite, should have been granted in the sum of $1,000.

Defendant's application for a pendente lite award of appraiser's fees was correctly denied, since defendant failed to show facts which would entitle her to such an award. It was not controverted that the assets she seeks to have appraised were purchased prior to the marriage and are, thus, separate property (Domestic Relations Law § 236 [B] [1] [d]). Nor has defendant alleged that said assets appreciated in value due to her contributions or efforts so as to require an appraisal on the ground that the appreciation constitutes marital property (*cf. Van Ess v Van Ess, supra; Wood v Wood, supra*).

Lastly, Special Term was correct in refusing to strike the action from the Trial Calendar (*Colella v Colella,* 99 AD2d 794). Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.