■ ELIZABETH DAVIDMAN, Respondent, v SAMUEL H. DAVIDMAN, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated September 27, 1989, as denied those branches of his cross motion which were to dismiss the first, third, fifth and sixth causes of action asserted in the complaint, and granted the plaintiff wife's motion to the

extent of awarding her $5,000 per month for pendente lite maintenance and $15,000 for pendente lite counsel fees.

Ordered that the order is modified, on the law, by (1) deleting the first decretal paragraph thereof and substituting therefor a provision granting those branches of the defendant's cross motion which were to dismiss the fifth and sixth causes of action and otherwise denying the cross motion, and (2) deleting from the fifth decretal paragraph the words "the sum of $15,000", and substituting therefor the words "the sum of $7,500"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In the first and third causes of action of the complaint, the plaintiff wife seeks, in the alternative, a divorce or separation, predicated upon a claim of cruel and inhuman treatment by the defendant. Contrary to the defendant's contention, the allegations set forth in those causes of action are sufficient to preclude dismissal pursuant to CPLR 3211 (a) (7) (see, Miglio v Miglio, 147 AD2d 460; cf., Pone v Pone, 129 AD2d 957). Further, we find no basis to disturb the Supreme Court's award to the plaintiff of $5,000 per month for pendente lite maintenance.

However, we do agree with the defendant that the fifth and sixth causes of action in the complaint, seeking, in relevant part, the imposition of a constructive trust with regard to the marital residence, should be dismissed for failure to state a cause of action pursuant to CPLR 3211 (a) (7). The plaintiff had no prior interest in the marital residence, which was acquired by the defendant prior to the parties' marriage, and her allegations are insufficient to establish that the defendant's failure to fulfill his alleged oral promise to convey an interest in the marital residence has resulted in his unjust enrichment (see, Onorato v Lupoli, 135 AD2d 693, 695).

In addition, we find that the award to the plaintiff of $15,000 for pendente lite counsel fees was excessive and should be reduced to $7,500. Our determination is without prejudice to a further application by the plaintiff for counsel fees before the trial court. Mangano, P. J., Bracken, Lawrence and Miller, JJ., concur.