■ ELLEN BEIGE, Respondent, v JOEL BEIGE, Appellant. [640 NYS2d 604] —In an action for a divorce and ancillary relief, the defendant appeals (1) as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau

County (Kutner, J.), dated October 7, 1994, as granted the branch of the plaintiff's motion which was for a pendente lite award of arrears, interim appraiser's fees, and attorney's fees, and denied his cross motion to compel the plaintiff to submit to a radioimmunoassay drug test, and (2) from an interlocutory judgment of the same court, entered February 1, 1995, which is in favor of the plaintiff and against him in the principal sum of $6,004.07, representing arrears in maintenance, support, and other expenses.

Ordered that the appeal from the provision of the order dated October 7, 1994, which granted the branch of the plaintiff's motion which was for arrears in maintenance, support and other expenses, is dismissed, as that provision was superseded by the interlocutory judgment entered February 1, 1995; and it is further,

Ordered that the order dated October 7, 1994, is modified by deleting the provision thereof which awarded the plaintiff $7,500 in appraiser's fees and substituting therefor a provision awarding the plaintiff $5,000 in appraiser's fees; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the interlocutory judgment entered February 1, 1995, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Domestic Relations Law § 237 provides that the court may, in its discretion, direct either spouse to pay for an appraisal of his or her assets at any time during the divorce proceedings (see, Domestic Relations Law § 237 [a], [d]). In order to grant an application for a pendente lite award of appraiser's fees, the spouse requesting the appraiser's fees must show facts which would entitle him or her to such an award (see, Billington v Billington, 111 AD2d 203).

Here, the plaintiff alleged that 10 of the 15 properties for which she requested appraiser's fees were purchased after the marriage. Therefore, the plaintiff satisfied the minimal requirement of alleging that the property to be appraised was marital property subject to equitable distribution (see, Heine v Heine, 176 AD2d 77; cf., Billington v Billington, supra). As to the five properties that were acquired prior to the marriage, the plaintiff merely alleged that she needed to have the increased value appraised. She did not allege that she contributed to any increased value. Thus, the plaintiff failed to show facts which would entitle her to an award of appraiser's fees for these properties (see, Billington v Billington, supra). Absent a showing that the plaintiff contributed to the increased value of the properties, she is only entitled to appraiser's fees for the 10

properties purchased after the marriage *(see, Billington v Billington, supra).*

Contrary to the defendant's contention, the plaintiff's affidavit in opposition to the cross motion provided the defendant with sufficient written notice of her intention to amend the amount of arrears that she was seeking *(see,* Domestic Relations Law § 244-a; *Lancaster v Lancaster,* 141 AD2d 701). Therefore, the court properly awarded the plaintiff arrears that accrued during the pendency of the motion.

The court did not improvidently exercise its discretion by awarding the plaintiff attorney's fees *(Levine v Levine,* 179 AD2d 625), or in refusing to order the plaintiff to undergo a radioimmunoassay drug test *(see, Garvin v Garvin,* 162 AD2d 497). Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.