The defendant, as the proponent of the summary judgment motion, failed to make a prima facie showing of entitlement to judgment as a matter of law. He did not produce any evidence to support his contentions that the plaintiff's action is barred by the Statute of Limitations and that there was an effective release and discharge (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Moreover, the defendant did not produce any evidence demonstrating that he is entitled to summary judgment on his counterclaim. Thus, regardless of the sufficiency of the plaintiff's opposing papers, the Supreme Court properly denied the defendant's motion for summary judgment (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Greenberg v Manlon Realty,* 43 AD2d 968, 969).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.

■ NORMA O'NEAL, Respondent, v LINDSAY PARK HOUSING CORP. et al., Appellants. [640 NYS2d 787] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated August 14, 1995, which granted the plaintiff's motion to vacate an order of the same court dated January 13, 1995, which, upon the plaintiff's failure to oppose the defendants' motion for summary judgment, granted summary judgment to the defendants on the issue of damages, and referred the matter to a Judicial Hearing Officer for the assessment of damages.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, and the order dated January 13, 1995, is reinstated.

In support of a motion pursuant to CPLR 5015 (a) (1) to vacate an order entered upon a default, the movant must demonstrate both a valid excuse for the default and a meritorious cause of action (*see, Fennell v Mason,* 204 AD2d 599; *Lease Factor v Kemcy Model Agency,* 201 AD2d 624). The plaintiff failed to demonstrate either, and her motion must be denied. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.

■ DONALD PASCALE, Respondent, v GLORIA PASCALE, Appellant. [641 NYS2d 56] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated October 26, 1994, as (1) directed the

plaintiff husband to pay her only $200 per week in pendente lite maintenance and $100 per week in pendente lite child support, and (2) denied that branch of her motion which was to direct the husband to pay all of her unreimbursed medical expenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that pendente lite awards are designed to ensure that a needy spouse is provided with funds for his or her support and reasonable needs and those of the children in his or her custody (*see, Gold v Gold,* 212 AD2d 503; *Bagner v Bagner,* 207 AD2d 367), and that a speedy trial is the best remedy for perceived inequities in such awards (*see, Entin v Entin,* 204 AD2d 385; *Filosa v Raven-Filosa,* 185 AD2d 225; *Erdheim v Erdheim,* 101 AD2d 803). In the case before us, in addition to awarding maintenance and child support, the court directed the husband to pay all carrying charges on the marital residence, including mortgage payments, taxes, insurance, fuel, telephone, electric, cable and trash pickup. Additionally, the husband was directed to maintain medical, dental, optical, and life insurance for the wife and children and auto insurance for two vehicles. Further, the husband was directed to pay the college expenses for the parties' daughter. Under these circumstances, the pendente lite relief awarded by the court was sufficient to meet the reasonable needs of the children and the wife during the pendency of the action (*see, O'Connor v O'Connor,* 207 AD2d 334; *Ragusa v Capetola,* 199 AD2d 311). In addition, the court properly credited the husband for the voluntary maintenance and child support payments he made (*see, Berge v Berge,* 159 AD2d 960; *Salerno v Salerno,* 142 AD2d 670, 672). Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.

■ DEREK PATTERSON et al., Appellants, v ERIC FIELDING et al., Respondents. [640 NYS2d 803] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated August 24, 1994, which, upon a jury verdict in favor of the defendants and against them, dismissed the amended complaint insofar as asserted against the defendants Eric Fielding and Ruth Boice Fielding, and (2) a judgment of the same court, dated October 7, 1994, which, upon the same jury verdict, dismissed the amended complaint insofar as asserted against the defendants Randall and Cheryl Federighi.

Ordered that the judgments are affirmed, with one bill of costs.