■ MAUREEN COOPER, Appellant, v CHRIS COOPER, Respondent. [778 NYS2d 44]—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk

County (Kent, J.), dated June 10, 2003, which, inter alia, granted those branches of her motion which were for pendente lite maintenance, child support, and an expert fee, only to the extent of awarding her the sums of $500 per week for maintenance, $500 per week for child support, and $5,000 as an expert fee, denied that branch of her motion which was for an award of an attorney's fee pendente lite, and granted that branch of the defendant husband's motion which was to direct her to replace the sum of $274,000, which she unilaterally withdrew from the parties' Citibank joint checking account, to the extent of directing her to deposit into that account any sum remaining from the $274,000 and to account for any amount expended.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's contention that the Supreme Court's pendente lite award of child support and maintenance is inadequate is without merit. The purpose of a pendente lite award is to "ensure that a needy spouse is provided with funds for his or her support and reasonable needs and those of the children in his or her custody" (*Pascale v Pascale,* 226 AD2d 439, 440 [1996]). Here, in addition to awarding the plaintiff temporary maintenance in the sum of $500 per week and temporary child support in the sum of $500 per week, the Supreme Court directed the defendant to pay the sum of $150 per week for housecleaning services, all carrying charges on the marital residence including mortgage payments, taxes, utilities, pool maintenance, and expenses incurred for services consisting of cable television, gardening, and a security system, and, in effect, to pay the plaintiff's credit card expenses in the sum of $1,500 per month. Additionally, the defendant was directed to maintain life, health, medical, and dental insurance for the plaintiff and the parties' children and make all of the payments for one of the plaintiff's vehicles. The defendant further was directed to pay any expenses for summer camp, and usual educational and extracurricular expenses for the children.

Under these circumstances, the temporary child support and maintenance awards are sufficient to meet the reasonable needs of the plaintiff and the children during the pendency of this action (*see Pascale v Pascale, supra; Celauro v Celauro,* 257 AD2d 588, 589 [1999]).

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for an interim attorney's fee (*see* Domestic Relations Law § 237 [a]). The evidence established that the plaintiff charged her attorney's $25,000 retainer on a credit card which was

thereafter paid by the defendant, and such retainer was not exhausted at the time of the instant motion.

The plaintiff's remaining contentions are without merit. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.