MICHELE SILVER, Respondent, v DAVID SILVER, Appellant. [847 NYS2d 596]—

In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of an amended order of the Supreme Court, Nassau County (Sher, J.), entered December 6, 2006, as granted the wife's motion for an award of certain pendente lite relief, to the extent of directing him to pay the wife, pendente lite, maintenance in the sum of $1,700 per month, child support in the sum of $2,500 per month, certain carrying charges and expenses, and interim counsel fees in the sum of $10,000.

Ordered that the amended order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof directing the husband to pay, pendente lite, maintenance in the sum of $1,700 per month, child support in the sum of $2,500 per month, and interim counsel fees the sum of $10,000, and substituting therefor provisions directing the husband to pay, pendente lite, maintenance in the sum of $650 per month, child support in the sum of $950 per month, and interim counsel fees in the sum of $3,672; as so modified, the

amended order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in June 1988 and there are three children of the marriage. The husband is a urological surgeon and the wife owns a part-time photography business. In March 2006 the wife commenced this action for a divorce and ancillary relief. The wife then moved for omnibus pendente lite relief, seeking, inter alia, maintenance, child support, the payment of certain carrying charges, tuition, and counsel fees. The Supreme Court granted her motion to the extent of directing the husband to pay her, pendente lite, (1) the sum of $1,700 per month for maintenance, (2) the sum of $2,500 per month for child support, (3) carrying charges for the marital residence, (4) the wife's expenses for automotive repairs, (5) certain unreimbursed medical expenses, (6) private school tuition for the children, and (7) the sum of $10,000 for the wife's interim counsel fees, and to maintain life, auto, and medical insurance on behalf of the wife and the children. The husband appeals and we modify.

Pendente lite awards "should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse . . . with due regard for the preseparation standard of living" (*Levakis v Levakis*, 7 AD3d 678 [2004]; *see Byer v Byer*, 199 AD2d 298 [1993]). "Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances" (*Fruchter v Fruchter*, 29 AD3d 942, 944 [2006]). A speedy trial is ordinarily the proper remedy to rectify a perceived inequity in a pendente lite award (*see Byer v Byer*, 199 AD2d 298 [1993]). However, "[w]hen the support payments directed by the court are so prohibitive as to strip the payor spouse of the income and the ability to meet his or her allowable expenses, then relief may be granted in the interest of justice" (*Fruchter v Fruchter*, 29 AD3d at 944; *see Miller v Miller*, 24 AD3d 521 [2005]; *Ryder v Ryder*, 267 AD2d 447 [1999]; *Fascaldi v Fascaldi*, 186 AD2d 532 [1992]).

The Supreme Court providently exercised its discretion in directing the husband to pay certain specific expenses associated with the marital residence and automotive repairs. However, considering the significant carrying charges the husband was directed to pay, the amount of temporary maintenance and support must be reduced. In determining the ability of the husband to provide support, the Supreme Court failed to take into account his actual reasonable living expenses, as well as his current debts and whether they were reasonably incurred (*see Hirschman v Hirschman*, 156 AD2d 644 [1989]). Since pay-

ment of the sums awarded would not leave the husband with sufficient funds to cover his reasonable expenses and student loan obligation, we modify the order to direct the husband to pay the wife temporary maintenance in the sum of $650 per month and temporary child support in the sum of $950 per month (*see Fruchter v Fruchter*, 29 AD3d at 944; *Miller v Miller*, 24 AD3d 521 [2005]; *Ryder v Ryder*, 267 AD2d 447 [1999]; *Fascaldi v Fascaldi*, 186 AD2d 532 [1992]).

As a general rule, we do not consider an issue raised on a subsequent appeal that was raised on a prior appeal or could have been raised on a prior appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]; *Bray v Cox*, 38 NY2d 350, 353 [1976]). Although we thus need not consider the husband's arguments concerning the children's tuition for the 2006-2007 school year, since he failed to perfect an appeal from a prior order directing him to pay such tuition, and that appeal was consequently dismissed as abandoned, the Supreme Court properly directed him to pay the children's tuition pending trial in any event (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *Matter of Holliday v Holliday*, 35 AD3d 468 [2006]; *Manno v Manno*, 196 AD2d 488, 491 [1993]).

Although the issue of counsel fees is entrusted to the sound discretion of the trial court, it is nonetheless controlled by the equities of the case and the financial circumstances of the parties (*see* Domestic Relations Law § 237; *Lutz v Goldstone*, 38 AD3d 720 [2007]; *Popelaski v Popelaski*, 22 AD3d 735 [2005]). The Supreme Court's award of the sum of $10,000 to the wife for interim counsel fees was an improvident exercise of its discretion given that the wife had already paid that amount out of the marital funds before her access to those funds was denied by the husband. In consideration of all the relevant factors (*see* Domestic Relations Law § 237 [a], [d]), we reduce the award of counsel fees to the sum of $3,672, the amount remaining due at the time of the wife's motion for pendente lite relief (*see Daniel v Friedman*, 22 AD3d 707, 709 [2005]; *Davidman v Davidman*, 175 AD2d 232, 233 [1991]). Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.