JOHN B. McGARRITY, Respondent, v DEBRA McGARRITY, Appellant. [854 NYS2d 522]—

The parties began living together in 1990 and were married in April 1996. There are no children of the marriage. While living together, but prior to their marriage, the husband acquired his business interest, Commercial Roof Services. The wife alleges that she contributed her direct and indirect efforts to the business. In the beginning years of the business, she sent out mailings, answered the phones, kept appointments and records, and did clerical work, until a professional staff was hired. Following the marriage, however, the wife became a full-time wife, homemaker, and parent to the children of their prior marriages, totally dependent on the husband's business income and earnings for support.

In July 2006 the husband commenced this action for a divorce and ancillary relief against the wife. The wife moved for pendente lite relief, seeking, inter alia, maintenance, the payment of certain carrying charges, a forensic accountant's fee, and an interim attorney's fee in the sum of $25,000. The Supreme Court, inter alia, directed the husband to pay her, pendente lite, the sum of $200 per week for maintenance, the carrying charges for the marital residence, automotive use and repairs, and to maintain life and medical insurance on her behalf, but denied those branches of her motion which were for awards of a forensic accountant's fee and an interim attorney's fee in the sum of $25,000.

"Pendente lite awards 'should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse . . . with due regard for the preseparation standard of living' " (*Silver v Silver*, 46 AD3d 667, 668 [2007], quoting *Levakis v Levakis*, 7 AD3d 678 [2004]; *see Albanese v Albanese*, 234 AD2d 489, 490 [1996]; *Byer v Byer*, 199 AD2d 298 [1993]). " 'Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances' " (*Silver v Silver*, 46 AD3d at 668, quoting *Fruchter v Fruchter*, 29 AD3d 942, 944 [2006]; *see Brooks v Brooks*, 30 AD3d 363, 364 [2006]), such as where a party is unable to meet his or her own financial obligations or where justice otherwise requires a modification (*see Barone v Barone*, 41 AD3d 623, 623-624 [2007]; *see also Biggio v Biggio*, 21 AD3d 919 [2005]; *Bogannam v Bogannam*, 20 AD3d 442 [2005]).

Here, the wife failed to establish the existence of exigent circumstances sufficient to warrant a modification of the pendente lite maintenance award, given the husband's payment of all the carrying charges and other miscellaneous expenses (*see Cooper v Cooper*, 7 AD3d 746, 747 [2004]; *Pezza v Pezza*, 300 AD2d 555, 556 [2002]). However, the wife sufficiently demonstrated that

granting those branches of her motion which were for awards of a forensic accountant's fee and an interim attorney's fee was warranted pursuant to Domestic Relations Law § 237 (d) (*see Cooper v Cooper*, 32 AD3d 376, 377 [2006]; *Beige v Beige*, 226 AD2d 412, 413 [1996]; *Zahr v Zahr*, 149 AD2d 504, 505 [1989]). The Supreme Court improvidently declined to award a fee for a forensic accountant to appraise the husband's ongoing commercial roof business, which supported the parties' comfortable lifestyle during their 10 years of marriage, and their disputed contentions regarding the wife's contributions to the business and its current financial viability. As such, the wife was entitled to an award of a forensic accountant's fee of $10,000 at this time (*see Iannone v Iannone*, 31 AD3d 713, 715 [2006]; *Beige v Beige*, 226 AD2d at 413-414; *Billington v Billington*, 111 AD2d 203, 204 [1985]).

Furthermore, the Supreme Court should have granted that branch of the wife's motion which was for an award of an interim attorney's fee in the sum of $25,000 to the extent of awarding her an interim attorney's fee in the sum of $3,000, given the disparity of the parties' financial circumstances and the wife's lack of independent funds (*see Stubbs v Stubbs*, 41 AD3d 832, 833 [2007]; *Assini v Assini*, 11 AD3d 417, 419 [2004]; *Celauro v Celauro*, 257 AD2d 588, 589 [1999]). It is undisputed that the wife used marital funds to pay the initial $7,500 of her interim counsel fees, before her access to such funds was denied by the husband. In consideration of all the relevant factors (*see* Domestic Relations Law § 237 [a], [d]), an interim attorney's fee award in the sum of $3,000, the amount remaining due at the time of the wife's motion for pendente lite relief, is appropriate (*see Silver v Silver*, 46 AD3d at 669; *Davidman v Davidman*, 175 AD2d 232, 233 [1991]).

The wife's remaining contention is without merit. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.