■ BARBARA MUELLER, Appellant, v CHRISTOPH MUELLER, Respondent. [878 NYS2d 74]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated June 25, 2008, as denied that branch of her motion which was for an award of pendente lite child support, granted that branch of her motion which was for an award of pendente lite maintenance to the extent of awarding her the sum of only $650 per week, and granted that branch of her motion which was for interim counsel fees to the extent of awarding her the sum of only $10,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, by increasing the award of interim counsel fees from the sum of $10,000 to the sum of $25,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's contention that the Supreme Court's pendente lite maintenance award is inadequate is without merit. "Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse . . . with due regard for the preseparation standard of living" (*McGarrity v McGarrity,* 49 AD3d 824, 825 [2008] [internal quotation marks omitted]). In addition to awarding the plaintiff temporary maintenance in the sum of $650 per week, the Supreme Court directed the defendant to pay the carrying charges on the marital residence, including mortgage payments, taxes, utilities, pool maintenance, and other household expenses. Moreover, the defendant was directed to maintain various types of insurance coverage for the plaintiff and the parties' children, and to pay reasonable expenses associated with the parties' vehicles. Under these circumstances, the temporary maintenance award was sufficient to meet the plaintiff's reasonable needs during the pendency of this action (*id.; see Cooper v Cooper,* 7 AD3d 746, 747 [2004]; *Pascale v Pascale,* 226 AD2d 439, 440 [1996]).

The plaintiff's contention that the Supreme Court erred in declining to award her pendente lite child support for the parties' two children is similarly without merit. Both the plaintiff and the children continued to reside with the defendant in the marital residence, and there was no evidence that the children were not being properly cared for by the defendant (*cf. Cataldi v Shaw,* 101 AD2d 823, 824 [1984]).

Given the disparity in the parties' financial circumstances, however, the Supreme Court should have granted that branch of the plaintiff's motion which was for an award of interim counsel fees in the sum of $25,000 (*see Prichep v Prichep,* 52 AD3d 61, 65-66 [2008]; *Wald v Wald,* 44 AD3d 848, 850-851 [2007]; *Kaplan v Kaplan,* 28 AD3d 523, 523-524 [2006]). The court gave no explanation for its decision to award the sum of only $10,000, and the plaintiff's request for the sum of $25,000 was reasonable under the circumstances. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.