JOHN FRATES, Respondent, v KELLY FRATES, Appellant. [891 NYS2d 122]—

The defendant's contention that the Supreme Court's pendente lite award of child support and maintenance was inadequate is without merit. The purpose of a pendente lite award is to "ensure that a needy spouse is provided with funds for his or her support and reasonable needs and those of the children in his or her custody" (*Pascale v Pascale*, 226 AD2d 439, 440 [1996]; *see Mueller v Mueller*, 61 AD3d 652, 653 [2009]). Moreover, the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (*see Anderson v Anderson*, 50 AD3d 610 [2008]).

Here, in addition to awarding the defendant pendente lite maintenance and child support in the sum of $3,000 per month, the Supreme Court directed the plaintiff to pay the sum of $3,376 per month for the mortgage, taxes, and home insurance on the marital residence, and the sum of $325 per month toward repayment of a bank loan the parties had jointly executed. Additionally, the plaintiff was directed to maintain life and health insurance for the defendant and the parties' children, and to pay 70% of the children's unreimbursed medical expenses and extracurricular activities.

Under these circumstances, the pendente lite child support and maintenance awards were sufficient to meet the reasonable needs of the defendant and the children during the pendency of the action (*see McGarrity v McGarrity*, 49 AD3d 824, 825 [2008]).

The parties' remaining contentions are without merit. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.