■ JOSEPH MOREIRA, Respondent, v KAREN MOREIRA, Appellant. [921 NYS2d 901]—

In an action for a divorce and ancillary relief, the wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated July 20, 2010, as granted that branch of her motion which was for an award of pendente lite maintenance to the extent of awarding her the sum of only $300 per week and granted that branch of her motion which was for an award of interim counsel fees to the extent of awarding her the sum of only $5,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, by increasing the award of interim counsel fees from the sum of $5,000 to the sum of $15,000; as so modi-

fied, the order is affirmed insofar as appealed from, without costs or disbursements.

The wife's contention that the Supreme Court's award of pendente lite maintenance was inadequate is without merit, especially in light of the other expenses borne by the husband (*see Mueller v Mueller*, 61 AD3d 652, 653 [2009]; *Cooper v Cooper*, 7 AD3d 746, 747 [2004]). In any event, "[m]odifications of pendente lite awards should be sparingly made and then only under exigent circumstances such as where a party is unable to meet his or her own needs, or the interests of justice otherwise require relief" (*Campanaro v Campanaro*, 292 AD2d 330, 331 [2002]; *see Levy v Levy*, 72 AD3d 651, 652 [2010]; *Frates v Frates*, 68 AD3d 813, 814 [2009]). The wife has not demonstrated the existence of exigent circumstances (*see Levy v Levy*, 72 AD3d at 652).

Given the disparity in the parties' financial circumstances, however, the Supreme Court's award of interim counsel fees was inadequate, and we increase it to the sum of $15,000 (*see Mueller v Mueller*, 61 AD3d at 654; *Wald v Wald*, 44 AD3d 848, 850-851 [2007]). Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.