Bajana v Alvarado (2025 NY Slip Op 06045)

Bajana v Alvarado

2025 NY Slip Op 06045

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2025-01087
 (Index No. 200483/23)

[*1]Martha Daniela Bajana, appellant, 
v
Joffre Efrain Bajana Alvarado, respondent.

Martha Daniela Bajana, Baldwin, NY, appellant pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Elizabeth Fox-McDonough, J.), entered December 26, 2024. The order, insofar as appealed from, granted the plaintiff's motion to enforce the child support provisions of the parties' stipulation of settlement only to the extent of awarding the plaintiff child support arrears in the sum of $1,200.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the amount of child support arrears owed to the plaintiff.
The plaintiff and the defendant were married in 2006 and have one child together, born in 2005. On October 18, 2023, the plaintiff commenced this action for a divorce and ancillary relief. On November 27, 2023, the parties entered into a stipulation of settlement (hereinafter the stipulation) pursuant to which the defendant was to pay the sum of $150 per week in child support to the plaintiff. In August 2024, the plaintiff moved to enforce the child support provisions of the stipulation, contending that the defendant had not paid child support since June 24, 2024. The plaintiff sought to recover child support arrears in the amount of $1,200, representing the amount due between June 24, 2024, and the filing of her motion, as well as the amount that would continue to accrue as per the stipulation (see Domestic Relations Law § 244-a). The defendant opposed the motion, acknowledging in his affidavit that he had not paid child support but contending that he was unable to afford the current monthly child support obligation.
In an order entered December 26, 2024, the Supreme Court granted the plaintiff's motion but only awarded the plaintiff child support arrears in the sum of $1,200 based upon its determination that the plaintiff had failed to provide proof that the child support payments had not been made since the date of the filing of the motion. The plaintiff appeals.
"A party to a matrimonial action may make an application for a judgment directing the payment of arrears at any time prior to or subsequent to the entry of a judgment of divorce" (Uttamchandani v Uttamchandani, 175 AD3d 1460, 1461; see Domestic Relations Law § 244; Poirier v Demasi, 201 AD3d 977, 979). A court must grant such an application if the movant establishes that arrears are "due and unpaid" (Uttamchandani v Uttamchandi, 175 AD3d at 1461).
Here, although the Supreme Court properly found that the plaintiff had established [*2]that the child support arrears were due and unpaid (see id.), it erred in determining that the plaintiff was not entitled to be awarded child support arrears that had accrued after the date of the filing of the plaintiff's motion (see Domestic Relations Law § 244-a; Beige v Beige, 226 AD2d 412, 414; Singer v Singer, 180 AD2d 725, 726). Since the plaintiff gave written notice of her intention to include additional arrears that accrued since the commencement of the enforcement proceeding pursuant to Domestic Relations Law § 244-a, she was entitled to recover additional arrears that accrued during the pendency of her motion (see Beige v Beige, 226 AD2d at 414; Lancaster v Lancaster, 141 AD2d 701, 702). Contrary to the court's determination, the defendant's concession that he failed to pay child support constituted prima facie evidence that such payments had not been made since the date of the filing of the plaintiff's motion (see Matter of Barletta v Faden, 178 AD3d 918, 919). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a new determination of the amount of child support arrears owed to the plaintiff (see generally Beckmann v Beckmann, 160 AD3d 799, 801).
The plaintiff's remaining contention is based on matters dehors the record and is not properly before this Court (see Lipari v Lipari, 146 AD3d 870, 872).
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court